**Griffen COOK, Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Appellee.**

No. 83–2681.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1984.

Decided July 27, 1984.

Robert L. Mark, Hannibal, Mo., for appellant.

Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Griffin Cook appeals from a decision of the district court upholding a final decision of the Secretary of Health and Human Services denying Cook's claim for social security disability insurance benefits. We reverse and remand for further administrative consideration.

## BACKGROUND

Cook was forty-nine years old at the time his claim was denied, and had a third grade education. His work experience was limited to truck and cab driving; he had not worked since 1976. Cook filed his present application for disability benefits in October, 1978, alleging July, 1976 as his disability onset date.

Medical reports submitted for the Secretary's consideration indicate that plaintiff has complained of severe neck and shoulder pain since 1972, and that he has also complained intermittently of severe headaches, chest pain, and shortness of breath. He has undergone numerous tests, one surgical procedure, several spinal taps, and at least one myelogram, in an effort to discover the source of these symptoms. Examining physicians have had differing opinions as to the severity of Cook's physical impairments. They have repeatedly suggested, however, that his condition stems at least in part from psychological causes. Mental health specialists who have performed detailed evaluations of Cook's psychological state agree that he suffers from a psychological disorder that intensifies his perception of pain; they disagree, on the other hand, about the extent to which this psychological disorder would limit Cook's capacity to work.

An administrative law judge (ALJ) conducted a hearing on Cook's disability claim on June 23, 1982. Witnesses at the hearing were Cook, his wife, and vocational expert Jeffrey Magrowski. Cook testified that he experienced debilitating pain in his arms, legs, neck, back, feet, chest, and head. He opined that his pain was not psychogenic, and that he had no need to seek treatment from psychiatrists or psychologists. Mrs. Cook testified that her husband cried frequently, and that he felt people were making fun of him for not earning a living. She further testified that Cook's daily activities were extremely limited. Magrowski testified that if the allegations of the Cooks were true, Cook was incapable of gainful employment. Magrowski also testified that if he were asked to consider only those impairments that were supported by objective medical findings of record, he would conclude that gainful light and sedentary jobs suitable for Cook existed in the national economy in significant numbers.

After the hearing, the ALJ issued a recommended decision substantially favorable

to Cook. The ALJ found that while Cook's physical impairments had not been severe enough in themselves to prevent him from returning to truckdriving, the additional limitations caused by his emotional disorder had been totally disabling since September, 1979.

The Secretary's Appeals Council, however, rejected the findings and conclusions recommended by the ALJ, and denied Cook's claim. The Council acknowledged that Cook "is obese, has a mild pulmonary impairment, a mild to moderate spinal condition, some limitation of motion in the cervical, lumbar and thoracic spine, and a personality disorder." But the Council concluded that none of these impairments was severe enough to significantly interfere with Cook's ability to work. The Council's decision was a final decision of the Secretary, and Cook sought review of that decision in district court, pursuant to 42 U.S.C. § 405(g). As stated, the district court upheld the Council's denial decision.

## DISCUSSION

The Council's decision reveals the following material errors:

### 1. Incorrect legal standard.

The Council took a curious approach in reviewing Cook's case. The Council did not attempt to reconcile or resolve the conflicts that existed among the medical opinions of record. In fact, the only evidence cited by the Council in support of its decision was also entirely consistent with the ALJ's finding that Cook suffered from a disabling psychogenic pain disorder. The Council did not discuss Cook's medical history, his daily activities, the substance of the hearing testimony, the qualifications of the various physicians, the ALJ's implicit assessment of Cook's credibility, or even the medical test results. Normally, such factors are crucial in social security disability determinations. *Brand v. Secretary of Dep't of Health, Education and Welfare*, 623 F.2d 523, 527 (8th Cir.1980).

The Council instead focused on the type of impairments suggested by the record, and the extent to which such impairments could be "verified" by objective means:

The Appeals Council has carefully reviewed the ... evidence and testimony and believes they describe an individual with multiple somatic complaints but very few verifiable findings.... The Council further believes that the objective evidence verifies that if there is any significant impairment the claimant has, it is centered in his personality, which is characterized by suspicion, anger, fear, and feelings of persecution....

. . . .

The Appeals Council believes that while the claimant has a personality structure which causes him to be maladjusted to the life situation in which he finds himself, his allegations of innumerable physical complaints, reinforced by crying and facial grimaces, do not equate with the level of severity required to establish the presence of a disabling impairment within the meaning of the social security law.

. . . .

The Appeals Council notes that in his recommended decision the administrative law judge established a residual functional capacity based on the evaluation of the claimant's subjective complaints, none of which are consistent with any impairment demonstrated by medically acceptable diagnostic techniques.

It is clear to us that what the Appeals Council decided in this case was not whether Cook's impairments prevented him from working, but rather whether his impairments were, or could be, fully corroborated by objective medical findings. We have repeatedly rejected such attempts to require full objective verification of all subjective complaints. *E.g., Reinhart v. Secretary of Health and Human Services*, 733 F.2d 571, at 572–573 (8th Cir.1984); *Smith v. Schweiker*, 728 F.2d 1158, 1163 (8th Cir.1984); *Mallett v. Schweiker*, 721 F.2d 256, 258 (8th Cir.1983); *Nelson v. Heckler*, 712 F.2d 346, 348 (8th Cir.1983); *Simonson v. Schweiker*, 699 F.2d 426, 429 (8th Cir.1983); *Cole v. Harris*, 641 F.2d

613, 615–616 (8th Cir.1981); *Brand v. Secretary of Dep't of Health, Education and Welfare*, 623 F.2d 523, 525–27 (8th Cir. 1980).

On remand, the Secretary must give serious consideration to all evidence, subjective and objective, and must make specific findings resolving conflicts and credibility issues. She should also accord weight to the findings and impressions of the ALJ, since he was an "impartial, experienced examiner who ha[d] observed the witnesses and lived with the case." *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 496–97, 71 S.Ct. 456, 468–69, 95 L.Ed. 456 (1951).

### 2. Improper use of vocational expert's testimony.

One of the Council's few references to evidence of record was as follows:

> [I]t is the conclusion of the Appeals Council that the claimant has no physical or mental impairment which would preclude him from returning to his customary work as a truck driver.... The Appeals Council believes this assessment of the claimant is fair ... and in keeping with the substance of the Vocational Expert's testimony ... in which he concluded that the only adverse medical evidence of a physical impairment affecting the claimant's ability to work pertained to a lumbosacral strain. The Vocational Expert testified that in his experience low back strain is not incapacitating. As he succinctly stated: "People do work with these impairments."

The Council's reliance on this portion of the vocational expert's testimony was erroneous for two reasons. First, vocational experts are not consulted for their medical expertise. It is the responsibility of the Secretary to determine what a claimant's impairments and limitations are. *Cf. Baugus v. Secretary of Health and Human Services*, 717 F.2d 443, 447 (8th Cir.1983) (error to pose hypothetical question to vocational expert which required him to make credibility findings, resolve conflicts in the evidence, and interpret medical reports); *Woodard v. Schweiker*, 668 F.2d 370, 373,

374 (8th Cir.1981) (error for ALJ to abdicate his fact-finding and decision-making role regarding claimant's capabilities); *Martin v. Harris*, 666 F.2d 1153, 1155 (8th Cir.1981) (basic purpose of vocational expert testimony is to "assess whether jobs exist for a person with the claimant's precise disabilities"). Second, the vocational expert erred in assuming that the only impairment presented by the medical evidence was low back strain. On this record there was uncontradicted medical evidence that Cook suffered from a potentially disabling psychological impairment. A vocational expert's testimony is of little value when he fails to take significant impairments of record into account. *McMillian v. Schweiker*, 697 F.2d 215, 221 (8th Cir. 1983); *Stone v. Harris*, 657 F.2d 210, 211 (8th Cir.1981).

Because the Secretary erroneously required Cook to establish that his impairments could be fully verified by objective medical findings, and because she attached inappropriate weight to certain testimony given by the vocational expert, her decision cannot stand. We therefore reverse and remand to the district court with directions to remand to the Secretary for further proceedings consistent with this opinion.