Griffen COOK, Appellant,

v.

Margaret HECKLER, Secretary of Health and Human Services, Appellee.

No. 83–2681.

United States Court of Appeals, Eighth Circuit.

Dec. 26, 1984.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

On July 27, 1984 we reversed a decision of the district court upholding a final decision of the Secretary of Health and Human Services denying appellant Cook's claim for disability benefits and directed remand to the Secretary for further administrative consideration. *Cook v. Heckler,* 739 F.2d 396 (8th Cir.1984).

Cook now has filed his motion for costs and attorney fees alleging entitlement pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Secretary has responded to that motion and Cook has replied to the Secretary's response.

■ By now it is clear that a prevailing party may recover attorney fees and costs under the EAJA where the position of the government was not substantially justified. *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984). However, for purposes of an attorney fee award under EAJA it is not enough for a Social Security claimant to have won a remand to the Secretary for further administrative proceedings on the merits. It is the receipt of those benefits that renders a typical Social Security claimant a prevailing party. *Brown v. Secretary of Health & Human Services,* 747

F.2d 878 (3d Cir.1984); *McGill v. Secretary of Health & Human Services,* 712 F.2d 28, 32 (2d Cir.1983). *Cf. Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980).

■ We join the Second and Third Circuits and thus hold that appellant here may not recover attorney fees and costs under the EAJA since he is not a "prevailing" party within the contemplation of that Act.

However, since Cook did win the appeal to the extent of securing a reversal and remand, he may recover the costs of the appeal as those costs are specifically allowable by statute or rule of court. *See* 28 U.S.C. § 2412(a); FRAP 39; 28 U.S.C. § 1920; *Cornella v. Schweiker,* 741 F.2d 170, 172 (8th Cir.1984). In all other respects the application for attorney fees and costs must be denied.