John A. BOHN, Sr., Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

No. 82 C 7254.

United States District Court, N.D. Illinois, E.D.

July 11, 1985.

Lawrence Jay Weiner, Weiner, Neuman & Spak, Chicago, Ill., for plaintiff.

Linda A. Wawzenski, Asst. U.S. Atty., Donna Morros Weinstein, Joan L. Lowes, K.N. Traisman, Dept. of Health & Human Services, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff applied for disability benefits on October 31, 1980. His application was rejected at the administrative level. On September 26, 1984 this court reversed the decision of the Secretary of Health and Human Services and remanded the case to the Secretary because of two substantial errors made by the Administrative Law Judge (ALJ) in evaluating plaintiff's case. Plaintiff has now petitioned for $2,113.25 in attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.[1]

The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorneys' fees and expenses, in addition to costs, "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances made an award unjust." 28 U.S.C. § 2412(d)(1)(A). Thus, in order to recover attorneys' fees and costs, plaintiff must be the prevailing party and the government must fail to meet its burden of showing that its position was substantially justified.

■ It is well established that the EAJA applies to suits in federal court against the Secretary of Health and Human Services by plaintiffs who have unsuccessfully pressed disability claims at the administrative level. *Berman v. Schweiker*, 713 F.2d 1290, 1296 (7th Cir.1983). The EAJA, however, does not apply to administrative proceedings within the Social Security Administration, either before or after action in federal court. Rather, attorneys' fees for work done at the administrative level are limited to 25% of the past due benefits collected and are paid out of funds that would otherwise go to the client. 42 U.S.C. § 406(b)(1).·

The most difficult question in this case is whether plaintiff was a prevailing party. Some courts have awarded attorneys' fees to plaintiffs who secure a remand. *See e.g., Sizemore v. Heckler*, 608 F.Supp. 911 (N.D.Ill.1985); *Burt v. Heckler*, 593 F.Supp. 1125 (D.N.J.1984); *Coffman v. Heckler*, 580 F.Supp. 67 (N.D.Calif., 1984); *Knox v. Schweiker*, 567 F.Supp. 959 (D.Del.1983); *Ceglia v. Schweiker*, 566 F.Supp. 118 (E.D.N.Y.1983); *Gross v. Schweiker*, 563 F.Supp. 260 (N.D.Ind.1983). Other courts, however, including three circuit courts, have held that a plaintiff is not a prevailing party simply by obtaining a remand. *See e.g. Cook v. Heckler*, 751 F.2d 240 (8th Cir.1984); *Brown v. Secretary of Health and Human Services*, 747 F.2d 878 (3d Cir.1984); *McGill v. Secretary of Health and Human Services*, 712 F.2d 28 (2d Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). *See also Steffens v. Heckler*, 602 F.Supp. 754 (N.D.Ill.1985). This court adopts the former approach for a remand which is based upon a decision rejecting the Secretary's rebuttal to a prima facie entitlement to benefits.

■ Congress intended that the definition of "prevailing party" under the EAJA be consistent with the definition of the term under existing fee-shifting statutes. H.R.Rep. No. 1418, 96th Cong., 2d Sess., *reprinted in* 1980 U.S.Code Cong & Ad. News 4953. A party need not litigate a case to final judgment in order to be a prevailing party:

---

**1.** The EAJA contained a sunset provision that allowed the Act to expire on October 1, 1984. Congress passed a bill in October 1984 to permanently reauthorize and amend the EAJA. H.R. 5479, 98th Cong., 2d Sess. § 2(b). Presi-
dent Reagen vetoed the bill. *See* 42 Cong., Q. Weekly Rep. 2964 (1984) (text of President's memorandum of disapproval). The EAJA continues to apply through final disposition of any action commenced before the date of repeal.

[T]he phrase "prevailing party" should not be limited to a victor only after entry of a final judgment following a full trial on the merits. A party may be deemed prevailing if he obtains a favorable settlement of his case, *Foster v. Boorstin*, 561 F.2d 340 (D.C.Cir.1977); if the plaintiff has sought a voluntary dismissal of a groundless complaint, *Corcoran v. Columbia Broadcasting System, Inc.*, 121 F.2d 575 (9th Cir.1941); or even if he does not ultimately prevail on all issues, *Bradley v. School Board of the City of Richmond*, 416 U.S. 696 [94 S.Ct. 2006, 40 L.Ed.2d 476] (1974).

In cases that are litigated to conclusion a party may be deemed prevailing for purposes of a fee award in the civil action prior to the losing party having exhausted its final appeal. A fee award may thus be appropriate where the party has prevailed on the interim order which was central to the case. *Parker v. Matthews*, 411 F.Supp. 1059, 1064 (D.D.C. 1976), or where an interlocutory appeal is "sufficiently significant and discrete to be treated as a separate unit", *Van Hoomissen v. Xerox Corp.*, 503 F.2d 1131, 1133 (9th Cir.1974).

H.R.Rep. No. 1418 at 11, *reprinted in* 1980, U.S.Code Cong. & Ad.News at 4990. In short, plaintiffs are prevailing parties for attorney' fees purposes " 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), *quoting from Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978). When the administrative procedures for determining disability claims are considered and the limited purpose of the proceedings before the dis-

trict court recognized, it is evident that in some circumstances a remand represents both success on a significant issue and achievement of much of the benefit sought by plaintiff in bringing the suit.

■ To make out a prima facie case of disability, claimants must show that an impairment prevents the performance of past work. *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir.1982). Once a claimant makes out a prima facie case of disability, the Secretary has the burden of going forward with proof that there is available some other kind of "substantial gainful employment" the claimant can perform. *Id.*

Disability claims are evaluated at the administrative level according to a five-step process. 20 C.F.R. § 404.1520.[2] A finding of disabled or not disabled at any point in the evaluation process is conclusive and terminates the analysis. 20 C.F.R. § 404.-1520(a). First, a claimant who is currently working is not disabled. 20 C.F.R. § 404.-1520(b). Second, a claimant whose impairments are not "severe" is not disabled. 20 C.F.R. § 404.1520(c).[3] Third, a claimant whose impairments meet or equal an impairment listed in appendix 1 of the regulations (the listed impairments) is presumptively disabled. 20 C.F.R. § 404.1520(d). Fourth, a claimant whose impairments are severe but do not meet appendix 1 levels is not disabled if the claimant's "residual functional capacity" permits performance of past work. 20 C.F.R. § 404.1520(e). Fifth, a claimant with severe but not listed impairments who is unable to do past work is disabled if the claimant cannot do other work in light of the claimant's age, edu-

---

**2.** The regulations in part 404 of 20 C.F.R. govern disability claims by applicants insured under the Social Security System. The regulations in part 416 of 20 C.F.R. govern claims by uninsured applicants who are seeking Supplemental Security Income disability benefits. The two parts are very similar.

**3.** The "severe impairment" requirement as interpreted and applied by the Secretary has been

found to violate the statutory definition of disability, 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A), as improperly focusing on medical considerations alone in a disability determination process. *See Johnson v. Heckler*, 593 F.Supp. 375 (N.D.Ill.1984) (invalidating requirement); *see also Hundrieser v. Heckler*, 582 F.Supp. 1231 (N.D.Ill.1984) (narrow construction of severity requirement).

cation and past work experience. 20 C.F.R. § 404.1520(f).[4]

In administrative proceedings Bohn established a prima facie case of disability. He convinced the ALJ that he was incapable of performing his past work because of back problems. Thus the burden of going forward shifted to the Secretary. At stage 5 of the disability determination process the Secretary established to the ALJ's satisfaction that plaintiff was capable of sedentary work and was thus not disabled. When the ALJ's decision denying benefits was adopted by the Appeals Council it became the final decision of the Secretary.

The district court has four main options in a Social Security disability appeal. It can uphold the ALJ's decision, modify the decision, reverse the decision outright or reverse and remand the case to the Secretary for rehearing. 42 U.S.C. § 405(g). Cases can be remanded on motion of the Secretary for good cause shown or upon a showing that there is new material evidence and good cause for the claimant's failure to have incorporated the evidence into the record. Most commonly, however, cases are remanded on substantive grounds when an ALJ's decision is reversed as unsupported by substantial evidence or because the ALJ had improperly applied the law. *See generally Aubeuf v. Schweiker,* 649 F.2d 107, 115–16 (2d Cir.1981).

In this case the court reversed the ALJ's decision and ordered a remand because of substantive defects in the ALJ's evaluation. Because claimant had already established a prima facie case of disability, the unexpressed but very real holding of this court was that the Secretary had not met her burden of going forward. The remand order left intact plaintiff's prima facie entitlement to benefits but invalidated the Secretary's rebuttal. As might be expected, a remand of this kind substantially increases plaintiff's chances of ultimately securing benefits. Figures show that over half the claimants who obtain a remand of any type from the district court ultimately secure

benefits. *See Burt,* 593 F.Supp. at 1130 n. 1.

Courts that have held that plaintiffs who have secured a remand are not prevailing parties have relied heavily upon *Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (*per curiam*). In *Hanrahan* the civil rights plaintiffs claimed that they were prevailing parties because the court of appeals, *inter alia,* had reversed the district court's directed verdicts against them. The Court, in denying fees, found that Congress intended to permit the interim award of attorneys' fees under 42 U.S.C. § 1988 "only when a party had prevailed on the merits of at least some of his claims." *Id.* at 758, 100 S.Ct. at 1989. The Court noted "[a]s a practical matter [plaintiffs] are in a position no different from that they would have occupied if they had simply defeated the defendants' motion for a directed verdict in the trial court."

The present case, however, differs markedly from *Hanrahan* for three closely-related reasons. First, as a result of this court's *de facto* reversal of the Secretary's decision plaintiff has prevailed on the merits of his claim to the extent of making out a *prima facie* entitlement to benefits that have survived an assault by the Secretary in rebuttal. Second, this case is bifurcated between administrative proceedings, where the entitlement to benefits is properly determined, and the district court, which has a review function. Because the court's role here is much narrower than in *Hanrahan* and most other lawsuits, the definition of prevailing party in this proceeding must be adjusted accordingly. Third, "as a practical matter" plaintiff is in a markedly better position than before this court reversed and remanded the case. His chances of recovering benefits have increased from zero to, in the sense of statistical experience, over fifty per cent.

The claimant who has established a prima facie case of disability at the adminis-

---

**4.** In order to evaluate a claimant's ability to do other work, the Secretary generally uses a system of medical/vocational guidelines set forth in appendix 2 of the regulations. *See generally Heckler v. Campbell,* 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

trative level comes to the federal court in order to prove that the Secretary has failed to meet its burden of producing evidence rebutting the prima facie case. In some circumstances the record is so clear and the plaintiff's case is so compelling that an outright reversal of the Secretary's denial of benefits is warranted. There is no question that such claimants are prevailing parties.

Courts, however, often remand cases where the entitlement to benefits is clear but certain housekeeping matters remain. *See e.g. McKenzie v. Heckler,* 589 F.Supp. 1152, 1162 (N.D.Ill.1984). More importantly, courts tend to avoid outright reversals in recognition of their limited role in the disability determination process. The admonition that courts are not to try disability cases *de novo, McNeil v. Califano,* 614 F.2d 142, 145 (7th Cir.1980), and the substantial evidence standard of review, *Whitney v. Schweiker,* 695 F.2d 784, 786 (7th Cir.1982), strongly influence courts to show deference to the Secretary by remanding rather than reversing.[5] Moreover, where the ALJ has failed to develop the record the district court will hesitate to reverse outright. *See Gross v. Schweiker,* 563 F.Supp. 260 (N.D.Ind.1983).

The cramped view of the EAJA adopted by some courts may alter the balance of decisionmaking between the Secretary and the federal courts. District courts are sensitive to the difficulties of representing often indigent clients over protracted periods. They know of the statutory cap on attorneys' fees under section 206 of the Social Security Act, 42 U.S.C. § 406(b)(1), and that such awards must come from back benefits awarded the client. District courts are also aware that the majority of claimants ultimately prevail on remand. Consequently, if district courts are unable to award attorneys' fees when plaintiffs obtain a remand on substantive grounds, they may be more likely to perform an extended analysis of the evidence and reverse more decisions outright.

■ Remands on substantive grounds often and outright reversals always rest upon a rejection of the Secretary's rebuttal to a prima facie entitlement to benefits. That is decisive. The EAJA does not require a party to succeed on all elements of his claim after a full trial in order to be a prevailing party. The proper approach is a flexible one tailored to the type of proceeding in federal court. In the context of Social Security disability, invalidation of the Secretary's rebuttal position is not just a limited tactical gain; rather, it is the very prerequisite to receiving benefits. The opportunity to refute the Secretary's rebuttal is what brings the claimant to federal court in the first place. There is thus no compelling reason for distinguishing remands on substantive grounds from outright reversals for purposes of the EAJA.

The approach adopted here is also consistent with the purposes of Congress in enacting the EAJA. *See generally Berman v. Schweiker,* 713 F.2d 1290, 1295–96 (7th Cir.1983). Congress recognized that

> for many citizens, the cost of securing vindication of their rights and the inability to recover attorneys' fees preclude resort to the adjudicatory process. When the cost of contesting a government order, for example, exceeds the amount at stake, a party has no realistic choice and no effective remedy. In these cases, it is more practical to endure an injustice than to contest it.

H.R.Rep. No. 1418, 96th Cong., 2d Sess., 9, *reprinted in* 1980 U.S.Code Cong. & Ad. News, 4984, 4988.

The only forum where a disappointed claimant can challenge the Secretary's decision is federal court. The prospects of success for a claimant who can secure representation is relatively high, both in federal court and thereafter on remand. A cramped interpretation of the EAJA will make disability appeals less attractive for

---

**5.** The high success rate for claimants on remand is graphic evidence of the deference district courts show the Secretary.

attorneys by doubling the risk that such work will go uncompensated. Even in cases where the claimant ultimately prevails on remand, a narrow interpretation of the EAJA will force attorneys who represent claimants in federal courts to go uncompensated for many months until the remand proceedings are concluded.

In contrast, the approach adopted here ensures that disability claimants will not be foreclosed from challenging the denial of benefits because of their impecunity. By requiring claimants to refute the Secretary's rebuttal position before fees are recoverable, this approach is also consistent with the EAJA's requirement of success on a significant issue.

By ensuring that persons adversely affected by a government position that is not substantially justified can pursue litigation, the EAJA also has an important public policy function:

> The [EAJA] rests on the premise that a party who chooses to litigate an issue against the government is not only representing his or her own vested interest but is also refining and formulating public policy. An adjudication or civil action provides a concrete, adversarial test of government regulation and thereby ensures legitimacy and fairness of the law. An adjudication, for example, may show that the policy or factual foundation underlying an agency role is erroneous or inaccurate, or it may provide a vehicle

for developing or announcing more precise rules.

H.R.Rep. at 10, 1980 U.S.Code Cong. & Ad.News, 4988–4989.

This second purpose of the EAJA is especially operative in the Social Security disability context. The explosion of disability litigation in recent years,[6] the high rate at which the federal courts have overturned the Secretary's determinations,[7] and the institutional struggle between the federal courts and the Secretary over the issue of "non-compliance"[8] reflect the useful disciplinary function of legal challenges to the Secretary's decisions and procedures by often impoverished, ill and politically unorganized disability claimants. A cramped view of the EAJA would slow this process. "Plaintiff should not be forced to bear the costs necessarily incurred to secure [his] right to have the administrative law process operate in its intended fashion." *Knox v. Schweiker*, 567 F.Supp. 959, 964 (D.Del.1983).

■ This court holds that plaintiffs who have refuted the Secretary's rebuttal position and thus reestablished their *prima facie* entitlement to benefits are prevailing parties even if their cases are remanded to the Secretary rather than reversed outright. Plaintiff is thus a prevailing party under the EAJA.[9]

■ A prevailing party is entitled to attorneys' fees unless the government can

---

6. *See e.g., Wier v. Heckler*, 734 F.2d 955, 956–958 (3d Cir.1984).

7. *See e.g., Merli v. Heckler*, 600 F.Supp. 249, 250–51 (D.N.J.1984).

8. *See Lopez v. Heckler*, 713 F.2d 1432 (9th Cir. 1983), denying partial stay pending appeal in 572 F.Supp. 26 (C.D.Cal.), partial stay granted pending appeal, 463 U.S. 1328, 104 S.Ct. 10, 77 L.Ed.2d 1431 (Rehnquist, Circuit Justice), emergency application to vacate stay denied, —— U.S. ——, 104 S.Ct. 221, 78 L.Ed.2d 217, district court *aff'd in part and rev'd in part*, 725 F.2d 1489 (9th Cir.1984).

9. A question left open by this opinion is whether a plaintiff must have established a *prima facie* case of disability at the administrative level be-

fore that plaintiff can be a prevailing party in district court. For example, if at step two of the disability determination process the Secretary concludes that claimant does not have a severe impairment, then claimant has failed to make out a *prima facie* case. It is unclear if the plaintiff who then persuades the district court to reverse the Secretary's decision is a prevailing party. On the one hand, the plaintiff has yet to establish any entitlement to benefits. On the other hand, the Secretary's improper decision prevented the plaintiff from establishing a *prima facie* case. Moreover, the sole relief sought from the district court at this point by the plaintiff is a remand.

show that its litigation position was "substantially justified". 28 U.S.C. § 2412(d)(1)(A). This means that the Secretary's position must have had a reasonable basis both in law and in fact. *McDonald v. Schweiker*, 726 F.2d 311, 316 (7th Cir.1983). The government's position is not considered unreasonable solely because it lost.

■ This case was not a difficult one because the ALJ so obviously failed to consider the potentially disabling effect of the pain suffered by claimant. The ALJ also overly relied on plaintiff's failure to sit and squirm at the administrative hearing. The government's point that plaintiff's pain is not disabling is well taken. The fact remains, however, that the plaintiff was denied benefits without sufficient consideration of the effects of his pain. If the ALJ had properly evaluated plaintiff's pain, the government's position in the litigation before this court might have been substantially justified; but because the ALJ so clearly failed to treat the issue of pain, the government's pursuit of litigation was not substantially justified. Plaintiff has moved for $2,113.25 in fees and costs. The government has not objected to this amount. There are no special circumstances that would make an award of fees unjust.

### Conclusion

Plaintiff's petition for attorneys' fees and costs under the Equal Access to Justice Act is granted.