Delton V. KEMP, Appellant,

v.

Margaret HECKLER, Secretary,
Department of Health and
Human Services, Appellee.

No. 85–1602.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 8, 1985.

Decided Nov. 14, 1985.

James R. Cromwell, Little Rock, Ark.,
for appellant.

Karen J. Behner, Dallas, Tex., for appellee.

Before HEANEY, Circuit Judge,
BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Delton V. Kemp appeals from a district court order denying attorneys' fees pursuant to the Equal Access to Justice Act (EAJA). The district court had remanded the case for further administrative consideration pursuant to the Social Security Disability Benefits Reform Act of 1984. Kemp argued that since he had achieved a remand and was thus entitled to interim benefits under 42 U.S.C. § 1383(a)(7)(A), he was therefore entitled to attorneys' fees as a prevailing party.

This Court has previously held that obtaining a remand for further administrative consideration on the merits does not render the claimant a prevailing party for purposes of an attorney fee award under the EAJA. *See Cook v. Heckler,* 751 F.2d 240, 241 (8th Cir.1984). "It is the receipt of those benefits that renders a typical Social Security claimant a prevailing party." *Id.* This case is not significantly different from *Cook.* Although Kemp may elect to receive interim benefits, the Secretary may require repayment of those benefits if the final decision affirms the original denial of benefits.

Kemp did win his appeal to the extent that the outcome was a remand for further consideration under the proper standards, one form of relief he sought on appeal. He may therefore recover the costs of the appeal as specifically allowable

by statute or rule of court. *See* 28 U.S.C. § 1920; *Cook v. Heckler,* 751 F.2d at 241; *Cornella v. Schweiker,* 741 F.2d 170, 172 (8th Cir.1984).

This decision is without prejudice to any right of Kemp to submit a claim for attorneys' fees for this appeal if he is successful at the administrative level, or for a successful civil action appealing a final administrative decision.