Richard VASCERA, Plaintiff,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendants.

C.A. No. 82–0465–S.

United States District Court,
D. Rhode Island.

Jan. 16, 1986.

McKenna, Greenwood & Feinstein,
Charles Greenwood, R.B. Feinstein, Carole
L. Gray, Providence, R.I., for plaintiff.

Everett C. Sammartino, Ass't U.S. Atty.,
Providence, R.I., Samuel C. Fish, Regional
Atty., Health and Human Services, Boston,
Mass., for defendants.

## MEMORANDUM AND ORDER

SELYA, District Judge.

This case presents a question regarding
the current entitlement of the plaintiff,
Richard Vascera, to recover counsel fees
under 28 U.S.C. § 2412(d)(1)(A), a central
provision of the Equal Access to Justice
Act (EAJA). At the times material hereto,[1]
the statute intoned in pertinent part that:

> Except as otherwise specifically provided
> by statute, a court shall award to a pre-
> vailing party other than the United
> States fees and other expenses, ... in-
> curred by that party in any civil action
> (other than cases sounding in tort)
> brought by or against the United States
> in any court having jurisdiction of that
> action, unless the court finds that the
> position of the United States was sub-
> stantially justified or that special circum-
> stances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (1982).

## I. BACKGROUND

The Secretary's 1982 final decision, from
which this action arose, denied social secur-
ity disability insurance benefits and supple-
mentary security income payments to Rich-
ard Vascera. The claimant, contending
that the Secretary's edict was not bottomed
upon substantial evidence in the record,
filed suit to secure a reversal of that deci-
sion, or alternatively, to win a remand of
the claim to the agency. The matter was
heard before a magistrate of this court on
cross motions for summary judgment, ref-
erence having been made pursuant to 28
U.S.C. § 636(b)(1)(B). The magistrate rec-
ommended that the case be returned to the
Secretary for further elucidation of the per-
tinent medical data. On October 9, 1984,
this court adopted the magistrate's recom-

---

1. Subsection (d) of § 2412 was repealed on Oc-
tober 1, 1984, subject to the proviso that it
would continue to apply through final disposi-
tion of any action theretofore commenced. *See
United States v. Yoffe,* 775 F.2d 447, 448 n. 1 (1st
Cir.1985). Inasmuch as this action was begun
in 1982, when the plaintiff requested judicial
review of a final decision of the Secretary of
Health and Human Services (Secretary) under

42 U.S.C. § 405(g), and was pending on the
merits on October 1, 1984, it slips neatly within
the integument of the savings clause. In any
event, on August 5, 1985, the President signed
P.L. 99–80, 99 Stat. 183 (1985) (hereinafter
"1985 Reenactment"), which as a practical mat-
ter reenacted, extended, and amended
§ 2412(d).

mendation and ordered a remand for augmented evidentiary proceedings and further findings. *See* 42 U.S.C. § 405(g).

Having succeeded to this limited extent, Vascera (without awaiting the outcome of the further proceedings before the agency) moved for an award of attorneys' fees under § 2412(d)(1)(A) of the EAJA, quoted *ante*. This motion was likewise heard before the magistrate ancillary to the 28 U.S.C. § 636(b)(1)(B) reference. On November 15, 1985, the magistrate issued a supplementary report and recommendation (Report) suggesting that such fees be awarded. Report at 6. The Secretary seasonably objected. This court entertained oral argument on January 10, 1986 and took the matter under advisement at that time.

## II. CONTENTIONS OF THE PARTIES

It is by now settled beyond peradventure that the EAJA applies to suits prosecuted in federal courts by those who, having been denied social security disability benefits at the administrative level, garner such emoluments as a result of judicial review. *See, e.g., Cornella v. Schweiker*, 728 F.2d 978, 982–83 (8th Cir.1984); *Guthrie v. Schweiker*, 718 F.2d 104, 107 (4th Cir.1983); *Berman v. Schweiker*, 713 F.2d 1290, 1296 (7th Cir.1983); *McGill v. Secretary of Health and Human Services*, 712 F.2d 28, 30 (2d Cir.1983), *cert. denied*, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984).[2] (EAJA awards do not, of course, pertain to services rendered before the agency; on its face, the Act applies only to "court" proceedings.) The narrower question which lies at the threshold of this application is whether Vascera became a "prevailing party" within the reach of the EAJA when he succeeded in procuring from this court an order remanding his claim to the Secretary for the taking of additional evidence.

The plaintiff's argument is that the fundamental purpose of the EAJA is to balance the scales of justice by correcting inequities between the United States and private litigants of relatively modest means. Thus, the plaintiff reasons, where a claimant is successful in annulling the results of a tainted or inadequate administrative proceeding, the goals of the EAJA are furthered by bestowal of counsel fees, notwithstanding that the plaintiff has "won" nothing more than a de novo hearing.

The Secretary's position is equally simple and direct. She asseverates that, unlike proceedings brought under, say, 42 U.S.C. § 1983, the raison d'etre of social security claims is to secure social security payments—not to vindicate procedural due process rights. It follows, in the Secretary's view, that a plaintiff cannot be said to have "prevailed" in the EAJA sense unless and until he has attained an award of such benefits. The Secretary therefore sees attorneys' fees as inappropriate in this case at this time because, despite the remand, the pivotal question—Vascera's entitlement *vel non* to disability benefits—is as yet unresolved.

## III. THE REPORT

As previously noted, these conflicting contentions were presented to the magistrate. The magistrate accepted the plaintiff's thesis, but placed his own gloss upon it. He reasoned that a claimant who has successfully prosecuted a motion for remand should be eligible to apply for the comforting balm of a fee-shifting anodyne, and it should be forthcoming (assuming that the government's position was not "substantially justified" within the meaning of the Act) "where remand relief was obtained by the plaintiff through efforts of extraordinary circumstance." Report at 3.

In this case, the magistrate divined the existence of such efforts from a variety of facts which find support in the record, *viz.*, Vascera was an uneducated applicant, he was not fluent in the English language, he was not represented by counsel before the

---

**2.** Indeed, the 1985 Reenactment explicitly ratified this line of judicial thought. *Id.* at §§ 2(a), 3.

agency, and the administrative law judge (ALJ), "by not fully developing the medical record, denied the plaintiff a fair hearing." *Id.* at 4. The magistrate further found that the Secretary's position lacked the requisite justification, *id.* at 4–5, and proceeded to assess the reasonable amount of the fees to be awarded. *Id.* at 6.

## IV. DISCUSSION
### A. *The Caselaw*

In the early days following enactment of the EAJA in 1981, the legal landscape was indistinct in respect to whether or not a social security claimant "prevailed" within the meaning of the Act when he convinced a court to overturn an unfavorable decision by the Secretary and to order a new administrative hearing. *Compare Miller v. Schweiker,* 560 F.Supp. 838, 840 (M.D.Ala. 1983) (no entitlement to fees) and *Roman v. Schweiker,* 559 F.Supp. 304, 305 (E.D.N.Y.1983) (same) *with Ceglia v. Schweiker,* 566 F.Supp. 118, 121 (E.D.N.Y.1983) (fees awarded) and *Gross v. Schweiker,* 563 F.Supp. 260, 262 (N.D.Ind.1983) (same). In late 1983, however, the Second Circuit's decision in *McGill,* 712 F.2d at 30–32, defined the contours of the terrain with considerable precision. The *McGill* panel, after analyzing the legislative history of the EAJA and the relevant caselaw, held (*id.* at 31–32):

> Regardless of the wording of the complaint or the actual relief sought in the district court, generally speaking, a social security claimant prevails when it is determined that she is entitled to benefits.... While it is true that a favorable ruling on plaintiff's procedural claim that the ALJ should have conducted a more thorough hearing may ultimately affect the outcome of the merits of plaintiff's disability claim, nevertheless, her procedural claim is not a matter on which plaintiff can be said to prevail for the purpose of shifting counsel fees. (citations omitted).

*McGill* was promptly adopted by the First Circuit. *See Roy v. Secretary of Health and Human Services,* No. 83–1205 (1st Cir. October 17, 1983) (per curiam) (unpublished order of court) ("We agree with the Second Circuit that a remand of the type involved in this case does not itself make appellant a 'prevailing party' within the meaning of 28 U.S.C. § 2412(d)."). But, the struggle was far from over. Certain district courts outside of the Second Circuit either declined to follow the reasoning of *McGill* or endeavored to distinguish it. *E.g., Burt v. Heckler,* 593 F.Supp. 1125, 1128 (D.N.J.1984).

Further authoritative support for the government's position emerged in *Brown v. Secretary of Health and Human Services,* 747 F.2d 878, 881–83 (3d Cir.1984). The Third Circuit, affirming the district court's denial of counsel fees to a petitioner who had won a judicial remand for a de novo hearing pursuant to 42 U.S.C. § 405(g) because the Secretary's decision was not based on substantial evidence, noted that "[a]lthough such a claimant may request, in the alternative, relief other than his or her ultimate goal (the receipt of benefits), it is the receipt of those benefits that renders a typical Social Security plaintiff a prevailing party." 747 F.2d at 883. Accordingly, the court held:

> When a court vacates an administrative decision and remands the matter for reconsideration, the successful party generally should not recover attorney's fees at that particular time since the claimant's rights and liabilities and those of the government have not yet been determined.

*Id.*

Hot on the heels of *Brown,* yet another court of appeals joined in the *McGill* parade. In *Cook v. Heckler,* 751 F.2d 240, 241 (8th Cir.1984), the Eighth Circuit opined that, "for purposes of an attorney fee award under EAJA it is not enough for a Social Security claimant to have won a remand to the Secretary for further administrative proceedings on the merits." *Cook,* a case in which the Secretary committed multiple errors of the most egre-

gious sort[3], stands as particularly strong authority for a bright line rule. *See also Kemp v. Heckler,* 777 F.2d 414 (8th Cir. 1985) (per curiam) (following *Cook*). The holding in *Cook* has been specifically endorsed by the court of appeals for this circuit. *See Tuccinardi v. Secretary of Health and Human Services,* No. 84–1662 (1st Cir. Sept. 11, 1985) (per curiam) (unpublished memorandum and order).

Such unanimity of opinion among the circuit courts which have to date addressed the question has failed, nevertheless, to exorcise the spirit of generosity with which some courts have approached the Act vis-a-vis social security remand cases. Although the majority of the district courts have embraced the *McGill-Brown-Cook* trilogy, *e.g., Steffens v. Heckler,* 602 F.Supp. 754, 755–56 (N.D.Ill.1985) (Bua, J.), others have refused to fly that flag. *E.g., Bohn v. Heckler,* 613 F.Supp. 232, 237–38 (N.D.Ill. 1985) (Moran, J.); *Sizemore v. Heckler,* 608 F.Supp. 911, 913 (N.D.Ill.1985) (Plunkett, J.).

The cases which refuse to follow the clearly lettered guideposts of the *McGill-Brown-Cook* trilogy offer, in one form or another, a quadrat of arguments, none of which holds much water.

1. The contention that the paramount goals of the EAJA and its legislative history favor a fee award to a social security claimant who succeeds in having a court set aside an adverse agency decision and mandate a further administrative look at the claim was considered and rejected in *McGill,* 712 F.2d at 30–31. This court subscribes to the Second Circuit's appraisal of the Act and of its genesis, and adds only that the Congress, in authoring the 1985 Reenactment, had ample opportunity to open the portals of the EAJA wider, but declined to do so.

In considering the 1985 Reenactment, Congress was explicitly aware of cases where "the court may have declined to make an award [of fees] because the remand order did not yet make the applicant a 'prevailing party' and therefore eligible under the EAJA." Senate Judiciary Committee, Equal Access to Justice Act, S.Rep. No. 586, 98th Cong., 2d Sess. 21 (1984). *See also* House Report (Judiciary Committee), Equal Access to Justice Act, Extension and Amendment, No. 99–120(I), 99th Cong., 1st Sess. 19–20, citing *Brown* ("The court will usually decline to make an award upon the remand decision because the remand order did not yet make the applicant a 'prevailing party' and therefore eligible under the EAJA."). The *McGill-Brown-Cook* trilogy was a part of the "contemporary legal context," *Merrill Lynch, Pierce, Fenner & Smith v. Curran,* 456 U.S. 353, 381, 102 S.Ct. 1825, 1841, 72 L.Ed.2d 182 (1982), quoting *Cannon v. University of Chicago,* 441 U.S. 677, 698–99, 99 S.Ct. 1946, 1958, 60 L.Ed.2d 560 (1977), from which the 1985 Reenactment emerged. In that context, the fact that a full-scale reexamination, revivification, and significant amendment of the EAJA left essentially untouched the statutory provisions under which the circuit courts had uniformly declined to entertain EAJA applications in the social security remand milieu is itself evidence that Congress acquiesced in, and intended to preserve, that paradigm. *See Merrill Lynch, Pierce, Fenner & Smith,* 456 U.S. at 381–82 & n. 66, 102 S.Ct. at 1840–41 & n. 66.

2. As a variation on the "goals of the Act" theme, claimants have often mounted an appeal to the basic equities of the situation. Judge Weinfeld has made the point well:

> The Agency's error forced plaintiff and her attorneys into this Court, and their persistence resulted in correction of the

---

**3.** *See Cook v. Heckler,* 739 F.2d 396 (8th Cir. 1984) (opinion on the merits, reversing and remanding to the Secretary for further proceedings). Mr. Cook had won his case before the ALJ, *id.* at 397–98. The Secretary's Appeals Council, however, rejected the hearing officer's findings and conclusions, and denied the claim.

*Id.* at 398. In so doing, the "Council took a curious approach," *id.,* ignored binding Eighth Circuit precedent squarely in point, *id.,* at 398–99, applied an incorrect legal standard, *id.,* and improperly twisted expert testimony of record in an attempt to buttress its (erroneous) conclusion. *Id.* at 399.

error. Denial of fees to her attorneys for their services is inconsistent with the purposes of the Social Security Act and the EAJA.

*Ocasio v. Schweiker,* 540 F.Supp. 1320, 1323 (S.D.N.Y.1982). *See also Ceglia,* 566 F.Supp. at 122; *Gross,* 563 F.Supp. at 262.

The essential fallacy which erodes this asseveration is that it confuses the two-pronged test of the EAJA. The Act requires *both* that the private party prevail and that the government's position lack substantial justification. 28 U.S.C. § 2412(d)(1)(A) (1982). See *Brown,* 747 F.2d at 882; *Steffens,* 602 F.Supp. at 755. What might be called the "egregious error" argument is more properly to be considered on the substantial justification furculum of the standard; to attempt to swing it as a club against the United States on the prevailing party prong is to "subsume[] two distinct issues under one general heading." *Brown,* 747 F.2d at 882. This court eschews the temptation to impart any such synthetic imbrication to the dual requirements of the EAJA. The potential strength of a plaintiff's position on the matter of substantial justification cannot be allowed to obscure the threshold question of whether or not the plaintiff has prevailed on the merits.

3. The proposition most frequently advanced by proponents of fee shifting is that the claimant has become entitled to an EAJA award because, in securing a remand, he has gained some appreciable part of the relief sought in the court proceedings. It cannot be gainsaid that a claimant who has lost before the agency and thereafter, by judicial intervention, manages to reopen the proceedings below, has improved his position. But, the view that such an improvement is tantamount to prevailing in the statutory sense is necessarily dependent upon the fragmentation of a single claim into artificially discrete units. Suits brought principally to secure monetary rewards are not so scissible. In, say,

a § 1983 police brutality damages action, a plaintiff arguably betters his stance each time he prevails on a discovery motion or defeats a summary judgment initiative; yet, fee shifting is dependent not on points won in passing, but on the achievement of a significant part of the benefit sought in prosecuting the suit. As the Supreme Court has held in an analogous context, fees may be awarded "only to a party who has established his entitlement to some relief on the merits of his claims." *Hanrahan v. Hampton,* 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) (per curiam). In much the same vein, the Third Circuit has noted:

> Rulings granting new administrative hearings to the usual Social Security claimants "may affect the disposition on the merits, but are themselves not matters on which a party could 'prevail' for purposes of shifting his counsel fees to the opposing party."

*Brown,* 747 F.2d at 883, quoting *Hanrahan,* 446 U.S. at 759, 100 S.Ct. at 1990. *See also McGill,* 712 F.2d at 31; *Von Luetzow v. Director, Office of Personnel Management,* 562 F.Supp. 684, 685 (D.D.C. 1983) ("A party who obtains nothing more than a remand for further consideration has not prevailed on the merits of his claim.").

The granting of a remand is not an adjudication on the merits. In the usual case, the issuance of such an order carries with it not the slightest assurance that the claimant will eventually receive the social security benefits which he seeks. Standing alone and unadorned, the remand order may increase the claimant's chances of ultimate success, but it lacks both the degree of finality and the causal connection to merits relief necessary to engage the gears of the EAJA. It is only if, as, and when benefits are actually obtained that the claimant can be said to have prevailed in the EAJA sense.[4]

---

4. This court rejects the formulation of *Bohn, supra,* to the effect that fee entitlement in the remand context depends upon whether or not the claimant "has established a prima facie case

of disability at the administrative level" antecedent to the remand. *Id.,* at 236. That approach strikes this court as little more than an effort to devise a *Bohn* of contention where

4. The last proposition urged in support of an immediate fee award is that there may be no other meaningful opportunity to obtain one. That is, given the EAJA's requirement that a successful litigant must apply for fees within thirty days of the district court's final judgment, 28 U.S.C. § 2412(d)(1)(B), the plaintiff argues that, absent prompt attention to his counsel fee request, he is on the horns of an ineluctably unproductive dilemma: if the remand order is considered a "final judgment" of the court, then the filing period will probably run long before the new evidentiary proceedings are concluded at the agency level; if the remand order is not so considered, and if he is eventually awarded benefits by the Secretary, it is extremely "unlikely that the case will return to the court ... [so] that the plaintiff will not have another opportunity to petition" for a fee award. *Ceglia,* 566 F.Supp. at 122 n. 3.[5]

Whatever mechanical problems this scenario might have presented in the past, the solution is now at hand. Several circuit courts have endorsed a procedure which, albeit cumbersome, fully safeguards a claimant's legitimate rights in this regard. *See Brown,* 747 F.2d at 883–85; *Guthrie,* 718 F.2d at 106–07. Though the remand order will not be deemed to be a final judgment, the Secretary "must file new findings of fact and the new decision" with the district court after the resumed administrative proceedings are concluded. *Brown,* 747 F.2d at 884. The court will at that time enter the final judgment contemplated by the EAJA. *Id.* at 884–85 & n. 7. If the claimant ultimately establishes his entitlement to social security benefits during the new round of hearings, the period for filing an EAJA application in the district court will run afresh from the entry of that final judgment. The Congress has indicated acquiescence in this arrangement. *Id.* at 885 n. 8. So, the EAJA rights of a plaintiff who succeeds on the merits subsequent to a court-ordered remand are satisfactorily protected. Accordingly, this argument is unavailing.

The *McGill-Brown-Cook* rationale withstands each and every fascicle of the criticism which has been levelled against it. What remains, therefore, is only to apply that reasoning to Vascera's imprecation.

### B. *Application of the Caselaw*

In the case at bar, the magistrate paid lip service to the hegemony of *McGill,* but read into it an exception for cases "where remand relief was obtained by the plaintiff through efforts of extraordinary circumstance." Report at 3. *McGill* and its progeny fail to provide sustenance for such a view.

To be sure, the *McGill-Brown-Cook* trilogy contains some phraseology which indicates that the door is not altogether shut. The *Cook* holding can be read as limited to a "typical Social Security claimant," 751 F.2d at 241, thereby implying that some atypical cases may exist; the *Brown* court's admonition that "the successful party *generally* should not recover attorney's fees" at the time a remand is ordered, 747 F.2d at 883 (emphasis supplied), does not seem to foreclose the possibility of exceptions to the rule. *See also McGill,* 712 F.2d at 31 (to like effect). Yet, such language is in the main a reflection of the prudential chariness so often displayed by courts wisely disinclined to make broad and sweeping pronouncements beyond the exigencies of the matter at hand. If and to the extent that exceptions do exist, however, they are principally twofold.

The first set of potential exceptions are of the genre typified by *MacDonald v. Schweiker,* 553 F.Supp. 536 (E.D.N.Y. 1982), where a fee award was found to be appropriate because the claimant's suit, though resulting in a remand of her case, worked a systemic change which redounded to the benefit of a large number of

---

none logically exists. (The *Bohn* rationale is in any event inapposite here, as Vascera made no such showing below.)

5. Under the bifurcated statutory paradigm, the Secretary, on remand, has no authority to award fees for that part of the proceeding conducted before the district court.

present and future persons. In short, Ms. MacDonald's action had a catalytic effect resulting in the adjustment of a procedural irregularity which permeated the entire social security system. *E.g., id.* at 539–40.[6] Vascera's case comes before the court bereft of such unusual trappings. Like Ms. McGill, Vascera's underlying "grievance in district court related to events that were unique to [his] own case, rather than of general significance, and [his] success [in court] did no more than move [him] one step closer to a final determination of the merits of [his] claim." *McGill,* 712 F.2d at 32.

It is possible, too, to envision a second set of exceptions: situations where the court, although ordering a remand, has done so for what might be termed "housekeeping" purposes. In those instances, the Secretary's liability for the benefits in issue has been effectively determined in the judicial proceedings, though the court, in deference to the orderly management of the administrative scheme, mandates a remand for, say, the calculation of the payments due. *E.g., Sizemore,* 608 F.Supp. at 913; *McKenzie v. Heckler,* 589 F.Supp. 1152, 1162 (N.D.Ill.1984). In such an eventuality, it can convincingly be argued that the claimant, notwithstanding the remand, has prevailed on the merits. *Cf. Massachusetts Fair Share v. Law Enforcement Assistance Administration,* 776 F.2d 1066, 1068 (D.C.Cir.1985) ("A party who established an entitlement to relief on the merits of a claim ... is entitled to fees [under EAJA] even if the case is remanded to the agency for further action."). But, that approximate set of circumstances can be left for another day; Vascera's case does not partake of these attributes.

This court, in its October 9, 1984 order of remand, made no finding as to the plaintiff's eligibility *vel non* for social security benefits. The fate of Vascera's application for such benefits, pending the conclusion of further proceedings before the agency, remains problematic at best. This court has painstakingly compared the circumstances surrounding its remand order in the instant action with those extant in *McGill, Brown, Cook, Roy,* and *Tuccinardi.* All of the cases are of a piece. There is nothing which differentiates Vascera's case in any material way or which absolves him from an evenhanded application of the general rule.

The "extraordinary" circumstances found by the magistrate, Report at 4, are not extraordinary at all. To the contrary, they are all too characteristic of this type of litigation. Those facts may well be relevant at a future date on the question of whether the Secretary's position was substantially justified vis-a-vis this claimant, but they are, viewed singly or in the ensemble, manifestly inadequate to warrant disregard of the *McGill-Brown-Cook* trilogy. The facts in *McGill* itself essentially paralleled those *sub judice.* *See McGill,* 712 F.2d at 29. Indeed, the remand in *Tuccinardi* stemmed from a case where, like here, the claimant, an uneducated person not fluent in the English language, was unrepresented before the agency and was denied a fair hearing in the sense that the record in her case was not fully developed by the ALJ. *See Tuccinardi v. Secretary of Health and Human Services,* 767 F.2d 905, slip op. at 2 (1st Cir.1985) (per curiam) (unpublished) (opinion on the merits, vacating and remanding to the Secretary for further proceedings). And, as indicated earlier, *see* text *ante* at 1201 & n. 3, *Cook* implicated a far more blatant series of administrative blunders.

On this record, there is no principled way to distinguish *McGill* and its progeny. Under the applicable rule of law, a social security claimant who secures a remand of his case to the agency for a de novo hearing may not, at the time of remand, recover fees and costs under 28 U.S.C. § 2412(d)(1)(A).

---

**6.** *MacDonald* has been discussed (and distinguished) by the Second Circuit in *McGill,* 712 F.2d at 32, and there is no need to explore it further for purposes of the case at bar. It suffices to say that Vascera's suit is in no material respect analogous to *MacDonald.* Accordingly, this court expresses no opinion as to whether or not *MacDonald* properly falls outside of the sweep of the *McGill-Brown-Cook* trilogy.

## V. CONCLUSION

In fine, the plaintiff's reach exceeds his existing grasp. This court confidently joins the mainstream of judicial thought, as announced by, inter alia, the Second, Third, and Eighth Circuits (and as adopted in two unpublished orders of the First Circuit). The reasoning of those decisions is inexpugnable. Access to the EAJA in this and kindred causes is inextricably linked to "merits" success.

As matters now stand, Vascera is not yet—and may never be—a prevailing party within the ambit of the EAJA. Accordingly, he has no current entitlement to the benefices of 28 U.S.C. § 2412(d)(1)(A). For the reasons noted herein, the magistrate's recommendation is rejected and the petition for counsel fees is denied and dismissed without prejudice to its renewal at a future date if Vascera's quest for the social security benefits at issue ultimately bears fruit.

The Secretary is directed, within thirty days next following the rendition of a final decision after the proceedings on remand have been completed, to file the same with this court. If no appeal is taken therefrom, the Secretary shall, promptly upon the expiration of the applicable appeal period, move for the entry of final judgment in accordance therewith.

*It is so ordered.*