76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sherrell BAKER, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-1510.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1996.
 
 Before: CONTIE, NELSON and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Sherrell Baker appeals a district court judgment affirming the Secretary's denial of her applications for social security disability insurance benefits (DIB) and for supplemental security income (SSI) benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Baker filed her application for DIB on November 3, 1992, and filed her application for SSI on June 30, 1993. Baker alleged that she has been unable to work since January 15, 1991, because of a past injury to her left wrist and shoulder. After a hearing, the Administrative Law Judge (ALJ) determined that: 1) Baker did not have an impairment or combination of impairments listed in or equal to one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; 2) Baker was unable to perform her past relevant work as a nurse's aid; and 3) Baker had the residual function capacity (RFC) to perform non-exertional, sedentary work in a significant number of jobs in the national economy, so that she was not "disabled" under the regulations, to be entitled to benefits. The Appeals Council denied Baker's request for further review of this Decision.
 
 
 3
 Baker then filed a timely complaint in federal district court on October 4, 1994. The case was referred to a magistrate judge, who recommended granting the defendant's motion for summary judgment. Upon de novo review of the magistrate judge's Report and Recommendation, and of the plaintiff's objections, the district court adopted the Report and granted summary judgment in favor of the defendant.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679 (6th Cir.1989) (per curiam).
 
 
 5
 In May of 1990, a dog attacked Baker while she was working as a private duty nurse's aid in someone's home. Injury resulted to her left upper extremity when the dog pulled on her arm after its teeth became entangled in her bracelet. Baker alleged that she has had pain in her left arm and wrist since that time.
 
 
 6
 Baker's first argument on appeal is that the ALJ improperly discounted the medical opinion of Dr. Blasier. Although Dr. Blasier's opinions and reports may be given greater weight because he was one of Baker's treating physicians, see Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), the ultimate determination of disability rests with the Secretary, and not with the treating doctor. Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). The Secretary is not bound by the opinion of a claimant's treating doctor who indicates that the claimant is totally disabled, where there is substantive evidence to the contrary. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir.1988) (per curiam).
 
 
 7
 The ALJ did not reject Dr. Blasier's opinions, but relied upon them, along with other medical opinions, to conclude that the claimant does experience left upper extremity pain and discomfort and that she is unable to perform her past relevant work as a nurse's aid because of this condition. However, the ALJ concluded that Baker was not disabled from performing other sedentary work. Thus, there is no merit to Baker's first argument that the ALJ improperly discounted the medical opinions of the plaintiff's "treating and examining physicians."
 
 
 8
 The claimant next argues that the ALJ improperly discredited Baker's complaints of pain. Credibility determinations regarding a claimant's subjective complaints rest with the ALJ. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). In determining whether a claimant suffers from debilitating pain, the two part test in Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986), applies. After the ALJ applied the relevant factors as set forth in Duncan, the ALJ found that the claimant's testimony concerning her objective complaints of pain was exaggerated and not credible. The ALJ also considered Baker's household and social activities in evaluating her complaints of disabling pain. This was appropriate, as a matter of law. See Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir.1993). Based on the claimant's testimony, documentation of Baker's ability to perform certain functions around her home, the medical evidence, and the ALJ's own observations, the ALJ properly found that the second prong of the Duncan test had not been met. Thus, the ALJ's resolution of this issue is supported by substantial evidence.
 
 
 9
 Baker's last argument is that the hypothetical questions posed to the VE were not proper and complete. A VE's testimony must be based on a hypothetical question which accurately portrays the claimant's physical and mental impairments. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987). However, a hypothetical question is not erroneous where at least one doctor substantiates the information contained therein. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927-28 (6th Cir.1987) (per curiam). Moreover, there is no requirement that the ALJ's hypothetical question to the VE reflect the claimant's unsubstantiated complaints. Id.
 
 
 10
 The VE testified that, "[I]f someone is in moderate to moderately severe pain the majority of the time, in my opinion, they would have difficulty even performing these [sedentary] jobs" (App. 40). However, VEs are not to be consulted for their medical expertise as to a claimant's severity of pain and it is the Secretary's responsibility to determine what a claimant's impairments and limitations are. Cook v. Heckler, 739 F.2d 396, 399 (8th Cir.1984). The ALJ properly relied on the opinion of Dr. Blasier, that Baker suffered from moderate to moderately severe pain only when she attempted to mobilize or elevate her left upper extremity. Thus, the ALJ properly relied on the medical evidence of record to form an accurate and complete question to the VE portraying Baker's limitations.
 
 
 11
 Substantial evidence supports the ALJ's ultimate determination that Baker is not disabled. Accordingly, we affirm the district court's judgment.