**Calvin A. IVY, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH
AND HUMAN SERVICES,
Defendant–Appellee.**

**No. 91–6218.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 10, 1992.

Decided Sept. 24, 1992.

D.C. Daniel, Jr. (argued and briefed), Daniel, Burton & Thomas, Murfreesboro, Tenn., for plaintiff-appellant.

Michael L. Roden (argued and briefed), Darryl Stewart, Asst. U.S. Attys., Ernest

W. Williams, U.S. Atty., Nashville, Tenn., for defendant-appellee.

Before KEITH and BATCHELDER, Circuit Judges; and WELLFORD, Senior Circuit Judge.

WELLFORD, Senior Circuit Judge.

Calvin Ivy has appealed from the following disposition of his social security claim before the district court:

In this case, the Report and Recommendation of the United States Magistrate is hereby approved and made a part hereof as fully as if copied verbatim herein. An appropriate order will be entered.

An order affirming the Secretary's decision was then entered, whereupon Ivy, through his counsel, moved promptly to alter or amend the judgment pursuant to Rule 59, Federal Rules of Civil Procedure, attaching thereto his previously, timely-filed, ten-page "specific objections to [the] Magistrate's report and recommendation." The district judge wrote on this motion, "denied," and signed his name.

Ivy's first argument in his appellate brief claims he was denied due process under the above procedures because the district court failed "to specifically address appellant's specific objections to the report and recommendation of the magistrate judge."

The administrative law judge (ALJ), in an eleven-page decision, denied Ivy's claim of disability resulting from his fall from a roof during the course of his employment. The ALJ found, among other things, that Ivy was 36 years old at the claimed onset of his disability, that he retained "residual functional capacity to perform the physical requirements of [sedentary] work," although he was unable to perform his past relevant work; and concluding that "considering the factors of the claimant's residual functional capacity, age, education [lacking only one credit of finishing high school], and work experience, he is not disabled." The ALJ also determined that Ivy did not have an impairment (or combination of impairments) that meets the listing in Appendix 1 of the applicable social security regulations. *See* 20 C.F.R. §§ 404.1501 to 404.1599 (1992) (subpart P).

Upon reference, the magistrate judge thoroughly considered most of Ivy's contentions upon review of the record before the Secretary. He considered the testimony of Ivy and his witnesses relative to his fall in 1988 while working, which he claims has disabled him. He reviewed the medical evidence in the record as well. In summary, the magistrate judge discussed each of Ivy's claims and contentions except his claim that he "meets or equals the listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1, Section 1.03."

Ivy's objections to the report of Magistrate Judge Kent Sandidge, III addressed particularly his objection of "failure to address meeting or equalling the listings." His objection includes a cite to *Johnson v. Secretary*, 794 F.2d 1106 (6th Cir.1986), as holding that meeting such a listing establishes *"per se* disability." The particular listing involves a definition of arthritis of a major weight bearing joint.

■ In order to review adequately an appeal of the district court's or a magistrate judge's decision in this type of case, we must have an indication that the district judge or the magistrate judge has reviewed and considered each major, relevant, and well-articulated contention of the parties. Courts do ordinarily impose a minimum "requirement of the statement of reasons" in these appeals for the decision on appeal. *See McGee v. United States*, 462 F.2d 243, 246–47 (2d Cir.1972). We should not "be left to guess as to the ... reasons for granting [or denying] relief." *Sumner v. Mata*, 449 U.S. 539, 552, 101 S.Ct. 764, 771, 66 L.Ed.2d 722 (1981).

We have an adequate and sufficient record upon which we may affirm the district court in every area treated and set out by the magistrate judge as expressly approved by the district court. Title 28 U.S.C. § 636(b)(1) prescribes that a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." We assume, absent circumstances demonstrating to the contrary, that a district judge has performed this statutory duty in social security appeals—that the judge makes a *de novo* review of the pertinent record; con-

siders carefully the magistrate judge's report and recommendation; and then indicates his or her reasons, as briefly, succinctly and reasonably expressed as the case requires, for the court's decision.

As to all of Ivy's contentions, *except* his claim of meeting or equalling the particular listing in the regulation heretofore cited, we find substantial evidence to support the magistrate judge's and the district court's decisions. We, therefore, AFFIRM the district court's decision and find no constitutional or legal error in the procedure utilized, *except*, again, we find no consideration, treatment, or proper adjudication of the "meeting the listing" averment.

In that aspect of this appeal *only*, we must REVERSE and REMAND for a further adequate adjudication. Ivy called this deficiency and his contention specifically to the district court's attention not only in his objections, but also in his motion to alter or amend the judgment. In that respect, there was error in the district court's continued refusal to consider this particular contention which the magistrate judge had also not addressed.

We, therefore, REMAND this case for further proceedings in accordance with this opinion.