985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael A. EARLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5891.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1993.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner-appellant, a pro se federal prisoner, appeals from a district court judgment dismissing petitioner's motion to vacate filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner raises four issues on appeal. First, he argues that the district court judge failed to conduct a de novo review of the magistrate judge's report and recommendation. Second, he argues that he received ineffective assistance of trial counsel. Third, he argues that he received ineffective assistance of appellate counsel. Fourth, he argues that the alleged perjury of a government witness violated his Sixth Amendment right to a fair trial and his Fifth Amendment right to due process.
 
 
 3
 The law "provides for de novo review of those portions of a magistrate [judge's] report or recommendation to which objections have been made by any party." Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986). We assume, absent circumstances demonstrating to the contrary, that a district judge has performed the statutory duty. Ivy v. Secretary of HHS, 976 F.2d 288, 289-90 (6th Cir.1992). Petitioner has not shown any circumstances demonstrating to the contrary.
 
 
 4
 To establish ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 5
 Petitioner contends that appellate counsel was ineffective because she pursued Fourth Amendment search and seizure issues. Petitioner believes that pursuit bordered upon frivolous. We disagree. A review of petitioner's brief on direct appeal reveals that not only was petitioner ably represented, but that the issue of the sufficiency of the evidence was competently explored.
 
 
 6
 We have reviewed the alleged errors of petitioner's trial counsel and find them to be meritless. One deserves mention, however. Petitioner complains of testimony that indicated prior "bad acts" on petitioner's part. The record indicates that trial counsel objected immediately and moved for a mistrial. Contrary to petitioner's assertion, trial counsel's representation on this point was most effective.
 
 
 7
 Plaintiff contends that a government witness perjured himself on the stand. The record indicates that this particular witness testified on direct examination that petitioner's driver's license contained a Reading Road address. This was incorrect. The witness later corrected himself, while still being directly examined, by noting the correct address on petitioner's driver's license. Therefore, there was no prejudice involved and, contrary to petitioner's allegations, there was nothing to impeach. Any error was harmless. See Fed.R.Crim.P. 52(a).
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.