25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Edward C. STUMP, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-3362.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1994.
 
 Before NELSON and SILER, Circuit Judges, and HACKETT, District Judge.[1]
 PER CURIAM.
 
 
 1
 This appeal arises out of the denial by the Secretary of Health and Human Services of a claim for social security disability benefits. The district court granted summary judgment to the Secretary, rejecting a magistrate judge's recommendation that the decision to deny benefits be reversed. Concluding, on de novo review, that the decision of the Secretary was supported by substantial evidence, we shall affirm the judgment of the district court.
 
 
 2
 * The plaintiff, Edward Stump, filed a claim for disability benefits on June 27, 1989. Mr. Stump alleged that he had been disabled for several years due to vision problems, emphysema, and hearing impairments. The Social Security Administration denied his claim, and Mr. Stump filed an appeal. An administrative law judge held a hearing at which Mr. Stump appeared with counsel and presented testimony. The ALJ then issued a decision denying the application for benefits. The ALJ found that Mr. Stump possessed the capacity to perform a significant number of qualifying jobs in the national economy, and thus was not disabled within the meaning of the law. The Appeals Council declined to review the ALJ's decision, and the decision thus became the final determination of the Secretary.
 
 
 3
 Mr. Stump brought the instant lawsuit to obtain judicial review of the Secretary's determination. A magistrate judge recommended that the Secretary's decision be reversed and that Mr. Stump be awarded benefits. The Secretary filed objections to the magistrate's report and recommendation, and the district court, after holding oral argument on the matter, sustained the Secretary's objections and entered summary judgment in favor of the Secretary.
 
 
 4
 The evidence submitted at the administrative hearing has been set out in detail in the ALJ's opinion. In brief, the evidence included the reports of a number of physicians who had examined Mr. Stump in 1989-90, while he was living at a Veterans' Administration residential facility in Dayton, Ohio. The doctors' reports indicated that Mr. Stump had a mild case of emphysema resulting in marginal pulmonary impairment, but further indicated that most of his symptoms could be treated successfully through medication. VA records showed that Mr. Stump had been able to hold a job at the residential facility that required him to do cleaning tasks, including dusting, for three hours a day. Medical records showed that Mr. Stump had been a two-pack-a-day smoker, and that he continued to smoke a half-pack a day up to the time of the hearing. The documentary evidence showed that Mr. Stump suffered nearsightedness and some impairment in his field of vision; that his vision was no worse than 20/70 and that corrective lenses could bring it to 20/50; that he had gross visual capacity, but that his sight was not good enough for him to perform any jobs that required driving or that would expose him to heights or moving machinery. There was evidence that he was able to read, watch television, play pool, and pursue his hobbies of hunting and fishing. Evidence on Mr. Stump's psychological condition showed that he had a mild case of depression and a long history of alcoholism (which apparently is in remission). Psychological records from the VA disclosed that Mr. Stump had expressed anxiety over his eligibility for Social Security disability benefits.
 
 
 5
 Mr. Stump gave testimony to the effect that his condition was worse than his medical records indicated. The ALJ did not find this testimony credible.
 
 
 6
 A vocational expert who testified at the hearing was asked a hypothetical question encompassing Mr. Stump's physical condition and educational and vocational history. In response to this question the expert said that such a person could perform "light" jobs (including copying-machine operator, toy assembler or electronics worker) and that there were at least 4,500 such jobs in the economy. The expert did not specifically say whether the 4,500 jobs were in the Dayton area, in Ohio, or in the national economy as a whole, but Mr. Stump's lawyer did not object to the lack of specificity in this respect.
 
 
 7
 The ALJ found, based on the medical records, that Mr. Stump had the "exertional capacity" (physical strength) to perform medium work, but that his capacity to perform medium work was limited by his nearsightedness, depression, and mild hearing loss. In making this finding, the ALJ disregarded Mr. Stump's testimony that his impairments were more severe than the medical records indicated. Although finding that Mr. Stump was unable to perform his past work as a truck driver, and was thus presumptively eligible for disability benefits, the ALJ found that Mr. Stump retained the residual functional capacity to perform the types of jobs identified by the vocational expert; accordingly, the claimant was found not to be "disabled" within the meaning of the Social Security laws.
 
 
 8
 In the proceedings before the district court, Mr. Stump asserted that the ALJ had made five specific errors in denying the claim. First, he argued, the ALJ's conclusion that Mr. Stump was capable of performing light jobs (and consequently was not disabled) was inconsistent with the ALJ's prior finding that Stump was strong enough to perform medium work. In light of this inconsistency, Mr. Stump asserted, the finding that he could perform light jobs was not supported by substantial evidence. Mr. Stump's second contention was that the ALJ had erred in relying on the vocational expert's testimony that there were a significant number of jobs that Mr. Stump could perform, where the vocational expert did not state the geographic location of such jobs. Third, Mr. Stump argued that the ALJ had erred in evaluating the vision impairment; Mr. Stump contended that a proper evaluation of his vision would show that he could perform no full-time job. Fourth, Mr. Stump claimed that a proper assessment of his nervous disorders would reveal that he lacked the attention span and relational skills needed to hold a full-time job. Fifth, Mr. Stump alleged that a proper assessment of the effect of his emphysema would have shown him unable to perform any but sedentary jobs, thus entitling him to a finding of disability under the applicable rules.
 
 
 9
 The magistrate judge found merit in Mr. Stump's first objection. "[I]n reaching his conclusion that Plaintiff was not disabled," the magistrate judge wrote, "[the ALJ] relied on jobs identified by the [vocational expert] which are at the light exertional level," despite determining that Mr. Stump had the physical strength to perform jobs at the medium level. "Under these circumstances," the magistrate judge continued, "the Secretary's decision is not supported by substantial evidence on the record as a whole." The magistrate judge did not address Mr. Stump's last four assignments of error.
 
 
 10
 In rejecting the magistrate judge's report and recommendation, the district court held that the ALJ's finding that Mr. Stump was strong enough to perform medium work necessarily implied that he also was strong enough to perform light work. (It is undisputed that a residual capacity to perform light work was all the Secretary had to show.) The district court found that the ALJ had asked a proper hypothetical question reflecting all of Mr. Stump's various impairments and his background, and that the vocational expert's testimony that Mr. Stump could perform a significant number of light jobs was substantial evidence on which the ALJ could rely in finding that Mr. Stump was not disabled. The court entered judgment for the Secretary, and this timely appeal followed.
 
 II
 
 11
 * The first argument presented on appeal is that the judgment of the district court should be reversed because the court failed to address each of Mr. Stump's challenges to the administrative proceeding. Because the magistrate judge only discussed the first of his objections, Mr. Stump argues, the district court, after rejecting the report and recommendation, should have remanded the case to the magistrate judge for further proceedings.
 
 
 12
 This claim lacks merit. Our own review is de novo, of course, and there is no per se rule requiring a district court to undertake a detailed discussion of every objection a claimant may raise against the decision of the Secretary in a Social Security matter. Ivy v. Secretary of HHS, 976 F.2d 288, 289 (6th Cir.1992) (holding that only requirement is "an indication that the district judge or magistrate judge has reviewed and considered each major, relevant, and well-articulated contention of the parties"); Clark v. Sullivan, No. 92-1030, 1992 U.S.App. LEXIS 27912 (6th Cir. Oct. 19, 1992) (unpublished) (stating district court not required to discuss each objection independently).
 
 
 13
 In this case, we are satisfied that the district court considered all of the plaintiff's objections. The court stated that it had engaged in a de novo review of the record, which would have included all the pleadings and briefs that had been placed before the magistrate judge. The district court explicitly said that it was granting the Secretary's motion for summary judgment, and the motion discussed in detail each of the plaintiff's specific objections, convincingly setting forth why each one lacked merit. Finally, the court stated in its summary judgment opinion that, "[t]o the extent not inconsistent with this opinion, the Plaintiff's Statement of Errors is overruled." Unlike Ivy, where neither the district court nor the magistrate judge ruled on one of the claimant's objections (see Ivy, 976 F.2d at 289), here the district court rejected each of the claimant's statements of error. Having determined that the record contained substantial evidence to support the Secretary's decision, the court did not need to discuss these objections in detail. Potts v. Secretary of Health & Human Services, No. 92-6267, 1993 U.S.App. LEXIS 20469 (6th Cir. August 9, 1993) (unpublished).
 
 B
 
 14
 Mr. Stump's remaining objections are identical to those he presented to the district court. We do not find them persuasive. The ALJ issued a well-reasoned opinion that properly applied the five-step analysis for disability claims (see 20 C.F.R. Sec. 404.1520) and that explained in detail the evidentiary findings supporting each conclusion. Mr. Stump argues now, in substance, that the ALJ should have believed his testimony regarding the severity of his impairments rather than relying exclusively on medical records and on prior inconsistent statements and conduct. Credibility determinations are left to the ALJ, however, and the record contains ample grounds to support the ALJ's finding that Mr. Stump's testimony was not credible.
 
 
 15
 It is asserted that the ALJ made two errors of law: (1) relying on the vocational expert's testimony that Mr. Stump could perform a substantial number of light jobs, when Mr. Stump was found to be capable of performing medium jobs, and (2) relying on the expert's testimony that Mr. Stump could perform a significant number of jobs, when there was no direct evidence as to where the jobs were located. The first assertion fails, because a finding that a claimant is strong enough to perform "medium" work necessarily implies that he is capable of doing less strenuous "light" work. The second assertion was waived by reason of Mr. Stump's failure to raise a timely objection at the administrative hearing. The ALJ's reliance on the vocational expert's testimony was not plain error. The claimant does not argue here that the jobs named by the vocational expert are anything but "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. Sec. 423(d)(2)(A). If jobs are "isolated" and "exist only in very limited numbers in relatively few locations outside of the region where" a claimant lives, then such jobs are not "work which exists in the national economy." Mr. Stump does not argue that these jobs fit that exception, and there is no apparent reason to believe that they do. 20 C.F.R. Sec. 404.1566(b).
 
 
 16
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation