35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin A. IVY, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-5812.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1994.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges; LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Ivy appeals the Secretary's denial of his claim for disability benefits. In Ivy v. Secretary of Health and Human Services, 976 F.2d 288, 290 (6th Cir.1992), this court affirmed the district court's decision affirming the Secretary's denial on all but one of the grounds raised by Ivy. Because the district court failed to consider one of Ivy's arguments, however, this court remanded the case for further proceedings. Id. at 289. On remand, the district court accepted the magistrate's report recommending that the Secretary's decision be affirmed on this last ground as well. Only that determination is before the court in this proceeding. Because the district court correctly concluded that substantial evidence supported the Secretary's determination that Ivy's condition did not "meet or equal" the listed impairment for arthritis of a major weight bearing joint, its decision to affirm the Secretary's denial of benefits is AFFIRMED.
 
 I.
 
 2
 In 1988, Ivy broke his right pelvis and right wrist and right arm in a serious, non-work-related fall. The Secretary determined that Ivy had early post-traumatic degenerative arthritis of the right hip, with attendant pain, but also determined that Ivy did not have an impairment which meets or equals any of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, specifically Sec. 1.03 which deals with arthritis of a major weight bearing joint. Ivy contends that the medical evidence "meets or equals" the Listing in Sec. 1.03 and, therefore, he is disabled as a matter of law and without regard to his residual ability to perform some kinds of work. See 20 C.F.R. Sec. 404.1520(d). The Secretary argues that substantial evidence supports the decision that the Listing was not met or equaled and also argues that Ivy failed to establish that his impairment was permanent or likely to last more than one year. Ivy responds that, if he proves the elements of the Listing, the impairment is conclusively presumed to be permanent.
 
 II.
 
 3
 This court's review of the Secretary's denial of Ivy's claim is strictly limited by 42 U.S.C. Sec. 405(g). Where the record as a whole contains substantial evidence to support the Secretary's determinations, the Secretary's decision must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Likening this standard to one more familiar, the Supreme Court has stated that substantial evidence "must be enough to justify, if the trial were to a jury, a refusal to direct a verdict [against the Secretary]...." National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300 (1939).
 
 A.
 
 4
 The single issue remaining in this case is whether substantial evidence supports the Secretary's determination that Ivy's condition does not meet or equal any of the "Listing of Impairments," 20 C.F.R. Part 404, Subpart P, Appendix 1. "The Listing of Impairments describes, for each of the major body systems, impairments which are considered severe enough to prevent a person from doing any gainful activity." 20 C.F.R. Sec. 404.1525 This regulation also states that most of the Listings "are permanent or expected to result in death, or a specific statement of duration is made. For all others, the evidence must show that the impairment has lasted or is expected to last for a continuous period of a least 12 months." Id. (emphasis added). Thus, this court has held that, "to be considered disabled under the Listing of Impairments, a claimant must establish that his condition ... is expected to last at least 12 months, as well as to show that his condition meets or equals one of the listed impairments." Listenbee v. Secretary of Health and Human Services, 846 F.2d 345, 350 (6th Cir.1988) (emphasis added).
 
 B.
 
 5
 The Listing for arthritis of a major weight-bearing joint requires the following clinical findings:
 
 
 6
 1. Arthritis in a major weight-bearing joint; and
 
 2. History of persistent joint pain; and
 
 7
 3. History of persistent joint stiffness; and
 
 
 8
 4. On current physical examination, the joint shows signs of either (a) marked limitation of motion or (b) abnormal motion; and
 
 
 9
 5. Gross anatomical deformity of the hip supported by X-ray evidence of either (a) significant joint space narrowing or (b) significant bony destruction; and
 
 
 10
 6. A markedly limited ability to both walk and stand.
 
 
 11
 See Listing Sec. 1.03.
 
 
 12
 In support of his claim, Ivy relies upon the X-rays taken shortly after his accident and that fact that his treating physician's notes indicate that he could put no weight on the hip for several months after the fall. The Secretary readily admits that Ivy suffered a serious injury, but disputes any long-term disabling effect of Ivy's fractures.
 
 
 13
 Ivy also relies upon his orthopedic surgeon, Dr. Innis, who found that the fractures had healed well but that there was some joint space narrowing and that a degenerative spur had developed on the connecting femur. Dr. Innis concluded that Ivy would need to use a cane due to the "early post-traumatic degenerative arthritis" in his hip and that Ivy should not lift more than twenty pounds and should avoid persistent bending and stooping. Dr. Innis also noted that Ivy could sit for as much as six hours each day, though no more than one hour at a time without interruption.
 
 
 14
 The district court, on remand, correctly noted that the X-ray evidence and Dr. Innis' conclusions provided the Secretary with substantial evidence that Ivy did not meet or equal the fifth or sixth elements of the Listing. "Early" degenerative arthritis and "some" joint space narrowing fall short of the "gross anatomical deformity" required, or at least the Secretary could so find. So, too, could the Secretary have properly determined that the mere fact that Dr. Innis concluded Ivy was required to use a cane to stand and walk fell short of the "markedly limited ability to stand or walk" required by the Listing. Moreover, though Ivy's evidence suggests that he was almost totally incapacitated immediately following his fall, the same evidence also shows that Ivy was able to perform sedentary work within three months of the accident and Dr. Innis' report, completed less than one year after the accident, shows that Ivy's impairment, assuming it ever did meet or equal the Listing requirements, did not continue for twelve months.
 
 C.
 
 15
 Alternatively, Ivy contends that the Secretary erred because, when the evidence of the impairment of his right arm and wrist is considered in conjunction with the evidence of impairment in his hip, he should have been held to have met or equaled the Sec. 1.03 Listing. Ivy cites Barney v. Secretary of Health and Human Services, 743 F.2d 448 (6th Cir.1984).
 
 
 16
 Barney does not support Ivy's assertion. Instead, Barney dealt with the fact that the totality of an applicant's maladies must be considered when addressing the applicant's residual ability to perform work, even though each of the infirmities might, by themselves, be insufficient to qualify as a disability. Barney, 743 F.2d at 450, 453-54. Here, the issue is disability under the Sec. 1.03 Listing, not Ivy's residual capacity to work. We are not persuaded by Ivy's assertion that a hip which is not quite bad enough to be considered disabling under the Listing should nevertheless be considered "equal" to that Listing because he also has an injured wrist and arm.
 
 
 17
 The regulation permitting "equivalency" findings based on more than one impairment, 20 C.F.R. Sec. 404.1526, does not require the Secretary to combine impairments from among the distinct "major body systems" which make up the Listings in order to evaluate equivalency. Moreover, the regulation plainly states that "[m]edical equivalence must be based on medical findings." Id. Ivy has not presented any medical evidence that his impairment or impairments are "equivalent" to any of the Listings and his own assertions of equivalence fall far short of evidence so compelling as to justify reversing the Secretary's decision.
 
 III.
 
 18
 For these reasons, the district court's order affirming the Secretary's denial of Ivy's disability claim is AFFIRMED.