66 F.3d 325
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danar DAVIS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-1172.
 United States Court of Appeals, Sixth Circuit.
 Sept. 12, 1995.
 
 Before: NELSON and SUHRHEINRICH, Circuit Judges, and SMITH, District Judge.[1]
 PER CURIAM.
 
 
 1
 This is an appeal from a district court judgment affirming the Secretary's denial of a claim for social security disability benefits. The claimant asserts (1) that the record lacks substantial evidence to support the Secretary's conclusion that the claimant is not suffering from disabling pain, and (2) that the Secretary has failed to show the existence of a substantial number of jobs that the claimant is capable of performing. Finding neither of these assertions convincing, we shall affirm the district court's judgment.
 
 
 2
 * The claimant, Danar Davis, injured his back in July of 1989 while working as a fence installer. Medical examinations revealed that Mr. Davis suffered from spondylolysis with spondylolisthesis and a bulging disc at the L5-S1 level.
 
 
 3
 Applications for disability and supplemental security income benefits were denied, after which a hearing was held before an administrative law judge. The ALJ concluded that Mr. Davis was not disabled within the meaning of the statute. The Appeals Council denied review, allowing the ALJ's decision to become the final decision of the Secretary.
 
 
 4
 On cross-motions for summary judgment in the ensuing proceeding for judicial review, a magistrate judge recommended that judgment be entered for the Secretary. The district court accepted the recommendation, and this appeal followed.
 
 II
 
 5
 Mr. Davis contends that the district court did not conduct the requisite de novo review of the portions of the magistrate's report and recommendation to which timely objections were filed. We reject this contention. See Ivy v. Secretary of Health and Human Services, 976 F.2d 288 (6th Cir.1992):
 
 
 6
 "We assume, absent circumstances demonstrating to the contrary, that a district judge has performed this statutory duty in social security appeals--that the judge makes a de novo review of the pertinent record; considers carefully the magistrate judge's report and recommendation; and then indicates his or her reasons, as briefly, succinctly and reasonably expressed as the case requires, for the court's decision." Id. at 289-90.
 
 
 7
 We also reject the contention that the Secretary was precluded from finding, as she did, that Mr. Davis does not suffer from disabling pain. A claimant's "subjective allegations of disabling pain are insufficient by themselves to support a claim for benefits." Sizemore v. Secretary of Health & Human Services, 865 F.2d 709, 713 (6th Cir.1988). Under Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986), it must first be determined whether there is objective medical evidence of an underlying medical condition. If there is such objective medical evidence, then it must be determined whether (1) objective medical evidence confirms that the pain arising from the condition is disabling or (2) the objectively established medical condition is of such severity that it can reasonably be expected to produce disabling pain. Id. at 853. An ALJ's credibility determinations with respect to subjective complaints of pain are entitled to substantial deference. See Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1030 (6th Cir.1990).
 
 
 8
 Mr. Davis satisfies the first part of the Duncan test; he has produced objective medical evidence of an underlying medical condition. But the ALJ found that Mr. Davis' subjective complaints as to the level of pain were not credible and that the pain was not disabling. We cannot say that these findings were wrong.
 
 
 9
 The medical evidence merely supports the diagnosis of Davis' condition (step one of Duncan ) and not the degree of functional limitations resulting from that condition (step two of Duncan ). Drs. Gross, Edmond, Sanghvi, and Everett all examined the claimant. Although each diagnosed a back disorder, none of the physicians indicated that the resulting pain was so severe as to be disabling. To the contrary, Dr. Elizabeth Edmond opined that although Mr. Davis should refrain from lifting weights of 100 to 200 pounds and avoid stooping, bending, or twisting movements, he could engage in sedentary occupations. Doctors Gross and Everett reached similar conclusions.
 
 
 10
 The ALJ pointed to several portions of the evidence that undercut Mr. Davis' claim of severe and totally disabling pain. Among these were his testimony that he was able to do some shopping and housework, see Crisp v. Secretary of Health & Human Services, 790 F.2d 450, 453 (6th Cir.1986), and the disclosure that he does not take pain relief medication, see Maher v. Secretary of Health & Human Services, 898 F.2d 1106, 1109 (6th Cir.1990). We will not disturb the ALJ's factual finding that the claimant did not suffer from disabling pain.
 
 
 11
 Mr. Davis contends that testimony by a vocational expert to the effect that there are 12,000 to 15,000 entry level sedentary jobs in Southeastern Michigan of a sort that Davis can perform should be discounted because of a flaw in the hypothetical question that evoked the testimony. A hypothetical question is not improper, however, where at least one doctor substantiates its factual postulates. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927-28 (6th Cir.1987). Further, there is no requirement that the question reflect unsubstantiated complaints. Id. Finally, this court made clear in Maziarz v. Secretary of Health and Human Services, 837 F.2d 240 (6th Cir.1987), that it is the function of the ALJ--and not the vocational expert--to determine the claimant's medical restrictions and how they affect his residual functional capacity. Id. at 247. See also Cook v. Heckler, 739 F.2d 396, 399 (8th Cir.1984). We find nothing improper in the form or substance of the ALJ's hypothetical question or in the answer given by the witness.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sitting by designation