72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Augustine Chikadili OKAYFOR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1700.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1995.
 
 1
 Before: BOGGS and DAUGHTREY, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 Augustine Chikadili Okayfor, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Okayfor was convicted in a jury trial of conspiracy to import heroin into the United States and was sentenced on June 9, 1992, to 235 months in prison and five years of supervised release. His conviction was affirmed on appeal, but the case was remanded for resentencing with instructions that the district court make findings of fact as to the amount of heroin which was reasonably foreseeable to Okayfor. See United States v. Okayfor, 996 F.2d 116, 121-22 (6th Cir.) (per curiam), cert. denied, 114 S.Ct. 238 (1993). At the resentencing proceeding, the district court adopted the government's sentencing recommendations and found Okayfor liable for 3.5 kilograms of heroin. He was resentenced to 210 months in prison, which represented the low end of the calculated guideline range. This sentence was affirmed on appeal. See United States v. Okayfor, No. 94-1277 (6th Cir. Nov. 16, 1994) (order).
 
 
 4
 In his motion to vacate, Okayfor presented two grounds for relief: (1) trial counsel rendered ineffective assistance by his failure to object to a fatal variance, by his stipulation regarding base offense level at resentencing, and by his advice to stand trial rather than plead guilty; and (2) the district court for the Eastern District of Michigan had neither jurisdiction nor venue to convict him. In his reply to the government's response, Okayfor further alleged that counsel was ineffective in failing to investigate a lead which could have provided a partial alibi. A magistrate judge recommended that the motion to vacate be denied in a report filed on May 16, 1995. The magistrate judge concluded that there was no variance between the conspiracy charged and that proven, so that counsel was not ineffective in not objecting to a variance; that counsel's agreement to the low end of the calculated guideline range expressly depended upon the district court's adoption of that range and Okayfor did not object at the time; that Okayfor knew he could be sentenced to life in prison if convicted and there were never any serious plea negotiations; that even if counsel had investigated the lead given him by Okayfor, there is no reasonable probability it would have resulted in Okayfor's acquittal; and that the district court had both jurisdiction and venue to try and convict him for the heroin conspiracy. Okayfor filed timely objections, but the district court adopted the magistrate judge's report and denied the motion to vacate for the reasons stated by the magistrate judge.
 
 
 5
 On appeal, Okayfor argues that: (1) the district court did not conduct a de novo review, (2) there was a fatal variance to which counsel should have objected, (3) counsel's sentencing stipulation constituted ineffective assistance, (4) counsel's advice against a guilty plea constituted ineffective assistance, (5) the Eastern District of Michigan did not have jurisdiction or venue over his crime, and (6) the district court abused its discretion by not conducting an evidentiary hearing.
 
 
 6
 Upon review, we affirm the district court's order for the reasons stated by the magistrate judge as adopted by the district court. In order to obtain relief under Sec. 2255, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 7
 Okayfor's assertion that the district court failed to conduct a de novo review of the record in this case is baseless. A magistrate judge's report and recommendation that disposes of the issues is subject to de novo review by the district court in light of specific objections filed by any party. See Rule 8(b)(4), Rules Governing Section 2255 Proceedings; United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985). The district court need not make independent findings and conclusions, but "may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate." Rule 8(b)(4), Rules Governing Section 2255 Proceedings. Absent an indication to the contrary, it is assumed that the required de novo review was made even though not expressly stated by the district court. Ivy v. Secretary of Health and Human Servs., 976 F.2d 288, 289 (6th Cir.1992). In this case, the district court stated that it had considered the objections timely filed by Okayfor in reaching its decision to deny the Sec. 2255 motion. Thus, even though the district court did not recite that it conducted a de novo review, it undoubtedly had.
 
 
 8
 Okayfor has failed to establish that his trial counsel rendered ineffective assistance and that the district court lacked jurisdiction and venue to try and convict him for the reasons stated by the district court. He attempts to present two additional grounds for relief in a supplemental brief on appeal. Both are related to the lack of a jury poll following the announcement of the verdict and neither was first raised in the district court. Since there are no exceptional circumstances present in this case, we do not address these issues. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994).
 
 
 9
 Finally, the district court did not err by not conducting an evidentiary hearing because the files and records of this case conclusively show that Okayfor is not entitled to relief. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 10
 Accordingly, the district court's order, entered on May 31, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation