**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0830n.06
Filed: November 14, 2006

**NO. 05-1848**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MICHAEL ANTHONY ZIOMBER, | ) | |
| | ) | |
| *Plaintiff-Appellant,* | ) | |
| | ) | ON APPEAL from the United States |
| v. | ) | District Court for the Eastern District |
| | ) | of Michigan |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | OPINION |
| *Defendant-Appellee.* | ) | |
| | ) | |
| | ) | |

**Before: BATCHELDER and MOORE, Circuit Judges; HOOD, Chief District Judge.**[*]

HOOD, Chief District Judge.  Plaintiff-Appellant Michael Anthony Ziomber ("Ziomber" or "Appellant") appeals from the order of the district court denying his motion to alter or amend the court's final judgment granting summary judgment to Defendant-Appellee, Commissioner of Social Security ("Commissioner" or "Appellee").  For the reasons that follow, we **AFFIRM** the judgment of the district court.

After the Commissioner denied Ziomber's application for disability insurance benefits, Ziomber sought judicial review of that decision in the United States District Court for the Eastern

---

[*]The Honorable Joseph M. Hood, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

District of Michigan pursuant to 42 U.S.C. § 405(g). A magistrate judge recommended that the Commissioner's motion for summary judgment be affirmed and Ziomber's motion for summary judgment be denied. After Ziomber submitted his objections, the district court issued an order on January 18, 2005, overruling those objections, accepting the magistrate judge's report, and granting the Commissioner's motion for summary judgment. On January 27, 2005, Ziomber filed a motion under Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") to alter or amend the judgment; the district court denied this motion on March 3, 2005. Ziomber filed a second motion under Rule 59(e) to alter or amend the judgment on March 15, 2005. On May 13, 2005, the district court denied this motion. Ziomber filed his notice of appeal on June 7, 2005.

On September 26, 2005, this Court dismissed, as untimely, the appeal as it applied to the January 18, 2005, judgment and to the March 3, 2005, order. It further determined that only the issues regarding the May 13, 2005, order denying Ziomber's second Rule 59(e) motion may be argued on appeal and that it was to be treated as a Rule 60(b) motion for relief.

In general, a district court's ruling on a Rule 60(b) motion will not be reversed except for abuse of discretion. *Kalamazoo River Study Group v. Rockwell Int'l Corp.*, 355 F.3d 574, 583 (6th Cir. 2004); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). An abuse of discretion exists when the reviewing court has "a definite and firm conviction" that the trial court committed a clear error in judgment. *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir. 1991) (citations omitted). In this case, the appeal from the district court's denial of Rule 60(b) relief does not bring up the underlying judgment for consideration. *See United States v. Grable*, 25 F.3d 298, 302 (6th Cir. 1994); *Peake v. First Nat'l Bank & Trust Co.*, 717 F.2d 1016, 1020 (6th Cir. 1983).

2

In his brief, Ziomber attempts to bring up the underlying judgment for review. But to the extent that Ziomber argues that the district court erred in denying his Rule 60(b) motion, this Court "'merely inquire[s] as to whether one of the specified circumstances exists in which [Ziomber] is entitled to reopen the merits of his underlying claims.'" *Cacevic*, 226 F.3d at 490 (quoting *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998)). This Court must decide if the district court made a clear error of law when it denied Ziomber's Rule 60(b) motion by concluding it did not commit a mistake of substantive law in its January 18, 2005, order.

Ziomber fails to show that the trial court committed a clear error in judgment in denying his Rule 60(b) motion. Instead, he presents errors made by the administrative law judge (ALJ) that he claims were later adopted by the district court in its January 18, 2005, order when it affirmed the ALJ's decision. Ziomber complains that the district court erred by affirming the ALJ's decision because the ALJ (1) "created a false statement" to substantiate his findings that Ziomber was not disabled, (2) failed to properly apply the treating physician rule, and (3) failed to follow Social Security Administration rules and regulations. Ziomber points out that he was adjudged fully disabled as of January 1997, and that this finding shows that the determination that he was not disabled as of December 31, 1996, is without support. He also claims that his objections to the magistrate judge's report were not explicitly addressed by the district court in its January 18, 2005, order.

With regard to Ziomber's allegation that the ALJ "created a false statement" by noting that his treating physician indicated that he "cannot stand at all, cannot sit at all, cannot walk at all and cannot do any lifting," this was clearly a statement of hyperbole by the ALJ and therefore not meant to be taken literally. The district court did not err in affirming the ALJ's decision in which he held

3

that the opinions of Ziomber's treating physician were not controlling because they were inconsistent with the clinical findings of other physicians. *See Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993) ("This court has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence."). Additionally, the district court did not err by affirming the ALJ's discussion of Dr. Kurzner's and Dr. Capulong's opinions, as both physicians had a treatment relationship with Ziomber. 20 C.F.R. § 404.1502.

As noted by Ziomber, he was found to be totally disabled as of January 1997. But because the ALJ was deciding whether Ziomber was disabled prior to December 31, 1996, a ruling that he was disabled after that date pertains to a time outside the scope of inquiry. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Contrary to Ziomber's claims, the district court is not required to address each objection to the report and recommendation in writing, and Ziomber has not demonstrated that the district court failed to properly review the objections. *See Ivy v. Sec'y of Health & Human Servs.*, 976 F.2d 288, 289-90 (6th Cir. 1992).

For the reasons stated above, we **AFFIRM** the decision of the district court.