95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne Earl LaFOUNTAIN, Plaintiff-Appellant,
v.
Mark KERCKAERT, et al., Defendants-Appellees.
 No. 95-1923.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1996.
 
 Before: MARTIN, KRUPANSKY, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Wayne Earl LaFountain, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, LaFountain sued eight state prison officials (Kerckaert, Dunning, Dodds, LeCureux, Robbins, Metrish, Doty and Wells), asserting that: 1) the defendants unlawfully retaliated against him for exercising his right to redress grievances; 2) the defendants violated his procedural and substantive due process rights by illegally confiscating his property; 3) the defendants violated his equal protection rights by discriminating against him; 4) the defendants conspired to retaliate against him; and 5) defendants LeCureux and Doty failed to prevent the conspiracy. All defendants, except for Wells, were sued in their individual capacity; Wells, a hearing officer, was sued in his individual and official capacities. After reviewing the magistrate judge's recommendation, the district court dismissed LaFountain's due process claims, except as to Wells, pursuant to Fed.R.Civ.P. 12(b)(6), but remanded the case to the magistrate judge to reconsider the remaining claims in light of the objections by LaFountain and the defendants. Upon completion of discovery, the magistrate judge recommended that the claim against Wells be dismissed as moot and that summary judgment be granted in favor of the defendants on the remaining claims. Over LaFountain's objections, the district court adopted the magistrate judge's report, but supplemented the report by ruling that LaFountain's due process claim against Wells was a request for habeas relief and thus was not cognizable under § 1983. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).
 
 
 3
 In his timely appeal, LaFountain essentially reasserts the same claims and argues that the district court erred by not recusing the magistrate judge and by not addressing LaFountain's equal protection and conspiracy claims in its opinion. LaFountain has also filed a motion to strike the joint appendix and hear the appeal on the original record.
 
 
 4
 Initially, we note that the district court did not err by not explicitly discussing LaFountain's equal protection and conspiracy claims in its opinion. The district court stated that it performed a de novo review, and a review of the magistrate judge's report shows that the magistrate judge carefully considered these issues. Thus, an adequate and sufficient record exists upon which this court may review the district court's decision. See Ivy v. Secretary of Health and Human Servs., 976 F.2d 288, 289-90 (6th Cir.1992).
 
 
 5
 Upon review, we conclude that the district court properly granted the defendants' motion to dismiss as to the due process claims. See Fed.R.Civ.P. 12(b)(6); Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996).
 
 
 6
 LaFountain did not state a claim by alleging that Kerckaert, Dunning and Metrish deprived him of his property in violation of due process. After Kerckaert confiscated LaFountain's property for not being marked with his inmate number, LaFountain received a post-deprivation hearing in accordance with due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990). Whether the defendants erroneously applied prison policy at the hearing is not subject to federal review as federal courts are not required to second-guess a prison factfinder's decision. See Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 7
 LaFountain failed to state a claim by alleging that Dunning was biased and should have been disqualified as a hearing officer at the property contraband hearing. Even if Dunning actually stated prior to the hearing that LaFountain would be found guilty, the risk of unfairness was not untolerably high as LaFountain admitted that his property was not numbered, contrary to prison policy. See Withrow v. Larkin, 421 U.S. 35, 58 (1975); see also Hill, 472 U.S. at 455-56 (due process is not violated where there is "some evidence" of guilt at a prison disciplinary hearing).
 
 
 8
 We also conclude that the district court properly granted summary judgment on the remaining claims. See Fed.R.Civ.P. 56(c); Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995).
 
 
 9
 The claim against Wells is not cognizable under § 1983 because LaFountain is essentially challenging Wells's rulings at the major misconduct hearings, not the procedures. Such a claim is more properly brought in a petition for habeas relief under 28 U.S.C. § 2254. See Heck, 114 S.Ct. at 2372.
 
 
 10
 LaFountain has not established that the defendants retaliated against him for exercising his right to redress grievances by filing prison grievances. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). There is no evidence that Robbins improperly rejected any of LaFountain's grievances, or that LeCureux ordered the alleged strip search and cell search for reasons other than security. See Hudson v. Palmer, 468 U.S. 517, 526 (1984). Doty's issuance of a major misconduct ticket after LaFountain requested an investigation into the "theft" of his unnumbered property was not a retaliatory action, but was related to the legitimate need to preserve order in prison. See Bell v. Wolfish, 441 U.S. 520, 546-47 (1979). Dodd's alleged threats do not rise to the level of a constitutional violation, see Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir.1987) (per curiam), and the mental health referral he submitted fell within the prison's duty to provide medical care to the prisoners. See Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994). LaFountain also did not show that Dodd's alleged threat to issue misconduct tickets in retaliation for grievances actually chilled his conduct. See Laird v. Tatum, 408 U.S. 1, 13-14 (1972). Kerckaert's issuance of four misconduct tickets cannot be considered retaliatory as LaFountain essentially admitted the conduct on which each ticket was based. Thus, there was "some evidence" to support each ticket. See Hill, 472 U.S. at 455-56. Finally, LaFountain's allegation that Dunning threatened to retaliate unless he stopped filing grievances is too vague and conclusory to withstand a motion for summary judgment. See Cincinnati Bell Tele. v. Allnet Comm. Servs., 17 F.3d 921, 923 (6th Cir.1994). Thus, none of the defendants' actions "shocked the conscience" or was an "egregious abuse of governmental power." See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988).
 
 
 11
 LaFountain failed to state an equal protection claim. He has neither alleged membership in a recognized protected class, nor provided any evidence of purposeful discrimination. See Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir.1990); McCleskey v. Kemp, 481 U.S. 279, 292 (1987).
 
 
 12
 LaFountain also failed to state a claim for conspiracy. As noted above, he did not allege that he was a member of a recognized protected class. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Moreover, he did not show that the alleged conspiracy was motivated by racial or other class-based invidiously discriminatory animus, and thus he did not allege all material elements of his § 1985 claim. Id. We also note that there is no federal cause of action for conspiracy under common law.
 
 
 13
 The district court properly dismissed LaFountain's § 1986 claim as the statute contains no substantive provisions and was enacted only to enforce § 1985. See 42 U.S.C. § 1986; Harris v. Board of Educ., 798 F.Supp. 1331, 1346 (S.D.Ohio 1992).
 
 
 14
 The district court did not abuse its discretion by denying LaFountain's 28 U.S.C. § 455(a) motion to recuse the magistrate judge. See United States v. Sammons, 918 F.2d 592, 599 (6th Cir.1990). The magistrate judge's denial of LaFountain's motion for an evidentiary hearing in his habeas case is not a valid basis for recusal, see Liteky v. United States, 114 S.Ct. 1147, 1157 (1994), and the magistrate judge's description of LaFountain as a manipulator and antagonist does not display an antagonism precluding fair judgment, but is an opinion properly acquired in the course of reviewing the numerous documents in this case. See id. at 1155, 1157.
 
 
 15
 Accordingly, LaFountain's motion to strike the appendix is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.