F I L E D
United States Court of Appeals
Tenth Circuit

FEB 17 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ERIC G. MONCHECOURT,

Defendant-Appellant.

No. 96-1510
(D.C. No. 92-CR-334-B)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Charlotte J. Mapes (Henry L. Solano, United States Attorney, with her on the brief), Assistant United States Attorney, Denver, Colorado, for Plaintiff-Appellee.

Larry R. Keller (Charles R. Torres, Denver, Colorado, with him on the briefs), of Keller & Lundgren, Salt Lake City, Utah, for Defendant-Appellant.

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

Eric G. Monchecourt appeals from the district court's denial of his Rule

32(e) motion to withdraw his guilty plea. *See* Federal Rules of Criminal

---

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Procedure. Mr. Monchecourt also alleges the district court erred by failing to recuse itself from ruling on his motion to withdraw his guilty plea. We have jurisdiction under Fed. R. App. P. 4(b).[1] We affirm.

**Background**

On October 15, 1992, Mr. Monchecourt was charged with laundering of monetary instruments, and aiding and abetting, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. On October 30, 1992, Mr. Monchecourt entered into a plea agreement with the government. Under the terms of this agreement, Mr. Monchecourt agreed to provide truthful and candid testimony, and all relevant documents in his control pertaining to the government's investigation of Power Securities Corporation.[2] In exchange, the government agreed to a sentence of no more than twelve months imprisonment, a fine of no more than $50,000, and no restitution. On October 30, 1992, Mr. Monchecourt entered his plea in a change

_____

[1] Mr. Monchecourt's plea agreement predates the federal sentencing guidelines regime.

[2] Mr. Monchecourt was an owner, director and executive vice-president in charge of sales and training for Power Securities Corporation. The government alleged that brokers at Power Securities were engaged in an unlawful scheme to use false or misleading statements and omissions to induce customers to purchase or sell penny stocks, which the defendants secretly controlled and for which brokers received kickbacks. *See United States v. Marchese*, 46 F.3d 1020, 1021-22 (10th Cir.), *cert. denied*, 515 U.S. 1105 (1995).

of plea hearing during which District Judge Lewis T. Babcock administered a Fed. R. Crim. P. 11 protocol. Sentencing was postponed until after the trial of the Power Securities principals.

As agreed, Mr. Monchecourt testified at the trial of Richard T. Marchese, David R. Nemelka, Orville Leroy Sandberg, and Laura Lee Sorenson.[3] On April 15, 1996, at the conclusion of the bench trial before Judge Babcock, the district court found Messrs. Marchese, Nemelka, and Sandberg not guilty, already having dismissed Ms. Sorenson from the case on a Fed. R. Crim. P. 29 motion. As part of its Findings of Fact and Conclusions of Law, the district court specifically rejected Mr. Monchecourt's testimony, finding it incredible.

Subsequently, on June 27, 1996, Mr. Monchecourt filed a motion to withdraw his guilty plea, a motion the government opposed. After a hearing on the matter, Judge Babcock denied Mr. Monchecourt's motion. Notwithstanding the government's recommendation that Mr. Monchecourt receive a non-jail sentence and no fine, Judge Babcock sentenced him to twelve months

---

[3] Messrs. Marchese and Sandberg were identified as owners and directors of Power Securities, Mr. Nemelka was a stock promoter, and Ms. Sorenson was his assistant. *Marchese*, 46 F.3d at 1021.

imprisonment and imposed a $10,000 fine.

## Discussion

Mr. Monchecourt contends the district court erred when it denied his motion to withdraw his guilty plea. Fed. R. Crim. P. 32(e) provides that if a motion to withdraw a plea is made before sentencing, as it was here, a district court "may permit the plea to be withdrawn if the defendant shows any fair and just reason." We review the district court's denial of Mr. Monchecourt's motion to withdraw his guilty plea for abuse of discretion. *United States v. Carr*, 80 F.3d 413, 419 (10th Cir. 1996).

The burden is on Mr. Monchecourt to show a "fair and just reason" for allowing withdrawal of his guilty plea. *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993), *cert. denied*, 510 U.S. 1184 (1994). However, we have held motions to withdraw guilty pleas prior to sentencing are to be viewed with favor and freely allowed. *Carr*, 80 F.3d at 419-20 (citing multiple cases). In determining whether Mr. Monchecourt has met his burden, we consider seven factors: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and

voluntary, and (7) waste of judicial resources." *Gordon*, 4 F.3d at 1572. This Court will not reverse unless Mr. Monchecourt can show the district court acted "unjustly or unfairly." *Id*. at 1573.

In his Rule 32(e) motion to the district court, Mr. Monchecourt contended only that his guilty plea was not supported by an adequate factual basis, and that he himself had violated the terms of the plea agreement. On appeal, Mr. Monchecourt now raises four specific allegations regarding the plea agreement, and then asserts the district court abused its discretion in denying his motion to withdraw his plea. He argues his plea was not voluntary and knowing because it was induced by government misrepresentations and because it lacked an adequate factual basis. He further alleges his guilty plea to a charge of aiding and abetting cannot stand because the government failed to prove someone committed the underlying substantive offense. Finally, Mr. Monchecourt contends the district court failed to inform him that he would be unable to withdraw his guilty plea. We will address these specific allegations and then turn to the more general seven-factor analysis to determine whether the district court abused its discretion.

First, Mr. Monchecourt claims his due process rights were violated because his guilty plea was induced by government misrepresentations and, therefore, was

not voluntary and knowing. In essence, Mr. Monchecourt claims he pled guilty because the government "promised" it could prove certain facts, and the government "breached" the plea agreement when it failed to prove those facts, *i.e.*, when his alleged co-conspirators were acquitted.

Plea agreements are governed by contract principles. *United States v. Massey*, 997 F.2d 823, 824 (10th Cir. 1993). Whether the government has breached a plea agreement is a question of law we review *de novo*. *Allen v. Hadden*, 57 F.3d 1529, 1534 (10th Cir.), *cert. denied*, 116 S. Ct. 544 (1995). The United States Supreme Court has made it clear that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

Having thoroughly reviewed the record, particularly the Rule 11 hearing and the terms of the plea agreement, we are satisfied the government did not induce Mr. Monchecourt's guilty plea through the use of misrepresentations or false promises. The government promised Mr. Monchecourt a sentencing cap; the government and the district court honored that promise. The government did not "promise" Mr. Monchecourt his alleged co-conspirators would be convicted. Nor

does the acquittal of those individuals establish that the government could not have proven its case against Mr. Monchecourt. Mr. Monchecourt's argument is simply wrongheaded.

Second, Mr. Monchecourt argues his rights to due process have been violated because his guilty plea lacked an adequate factual basis and was, therefore, not knowing and voluntary. The gist of Mr. Monchecourt's argument is that the district court's Findings of Fact and Conclusions of Law in the case of *United States v. Marchese*, No. 93-CR-8 (D. Colo. Apr. 15, 1996), so undermine certain statements in the plea agreement as to render the factual basis of his plea agreement inadequate. Fed. R. Crim. P. 11(f) requires that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." The Advisory Committee Notes indicate the factual basis for a plea may be developed by inquiry "of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case." Fed. R. Crim. P. 11 Advisory Committee Notes (1974 Amendment note to subdivision (f)). A district court's finding of a factual basis for a guilty plea is reviewed under the clearly erroneous standard. *United States v. Graves*, 106 F.3d 342, 343 (10th Cir. 1997).

The district court scrupulously administered a Fed. R. Crim. P. 11 protocol at Mr. Monchecourt's October 30, 1992 change of plea hearing. At the Rule 11 hearing, Mr. Monchecourt ratified under oath the government's statement of the case and the Defendant's Factual Statement, in which he allocuted to the essential elements of money laundering.[4] *See* 18 U.S.C. § 1956(a)(1)(B)(i).

During the Rule 32(e) motion hearing, the district court carefully considered the impact of its findings in the bench trial of Mr. Monchecourt's alleged co-conspirators on the factual basis for Mr. Monchecourt's guilty plea. The district court concluded that while the evidence introduced against Mr. Monchecourt's co-conspirators did not meet the beyond a reasonable doubt standard, it was "substantial" and did meet the preponderance standard. The

---

[4] The Defendant's Factual Statement provides:

> The defendant, ERIC G. MONCHECOURT, admits that he knowingly caused a transfer of $25,935.00 from David Nemelka's control to the account of Ven Roc Capital Corporation on October 14, 1987. The defendant also caused a transfer of $25,000 from Ven Roc Capital Corporation's account to the account of Power Securities Corporation on October 27, 1987. The defendant further admits that he knew that the funds which he caused to be transferred represented the proceeds of specified unlawful activity, that is, securities fraud and mail fraud. The defendant knew that the transfer of the funds was designed to conceal and disguise the source and the ownership of the proceeds of the specified unlawful activity.

district court further concluded the government's evidence was sufficient to carry the case to the trier of fact, and enhanced rather than eroded the factual basis of Mr. Monchecourt's plea. Moreover, the district court found Mr. Monchecourt's self-incriminating testimony at the bench trial also enhanced the factual basis for the guilty plea. The district court satisfied itself that an adequate factual basis for Mr. Monchecourt's guilty plea existed at the time the plea was taken and at the time of his Rule 32(e) motion. In view of the record before us, we cannot say the district court's finding of an adequate factual basis for the guilty plea is clearly erroneous. Mr. Monchecourt's claim that his plea was not knowing and voluntary must fail.

Third, in an argument not presented to the district court, Mr. Monchecourt asserts his guilty plea was to a charge of aiding and abetting and cannot stand because the government failed to prove someone committed the underlying substantive offense. Mr. Monchecourt allocuted to the facts of and pled guilty to the charge of money laundering under 18 U.S.C. § 1956(a)(1)(B)(i) as well as aiding and abetting under 18 U.S.C. § 2. In addition to the explicit terms of the plea agreement, the district court made it quite clear to Mr. Monchecourt that the primary charge was money laundering. This argument is unavailing.

Finally, in yet another new argument on appeal, Mr. Monchecourt contends the district court erred when it failed to inform him he would be unable to withdraw his guilty plea if the sentencing court did not follow the government's sentencing recommendation in all particulars. Notwithstanding the fact the plea agreement is designated a Fed. R. Crim. P. 11(e)(1)(C) agreement, Mr. Monchecourt would have us believe the agreement is actually a "hybrid" agreement entitling him to the notice provisions afforded under Rule 11(e)(1)(B).[5]

While this court can appreciate his distress at being sentenced to twelve months imprisonment and a $10,000 fine after receiving a no-jail, no-fine sentencing recommendation from the government, Mr. Monchecourt provides us with no basis for concluding his was a hybrid plea agreement. By its terms, Mr. Monchecourt's plea agreement was entered pursuant to Fed. R. Crim. P. 11(e)(1)(C). We also note that in taking his plea, the district court was careful to ensure Mr. Monchecourt understood both the terms of the agreement and the finality of his plea. The district court specifically referred to the sentencing cap and informed Mr. Monchecourt the sentence to be imposed from the cap

---

[5] Fed. R. Crim. P. 11(e)(2) provides in relevant part: "If the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request [for a particular sentence] the defendant nevertheless has no right to withdraw the plea."

downward was the court's decision alone. The district court specifically inquired into whether Mr. Monchecourt and his counsel had thoroughly reviewed the possible penalties and consequences of a guilty plea, and was assured they had. Mr. Monchecourt bargained only for a sentencing cap and he received the benefit of that bargain. The district court had no further obligation to inform Mr. Monchecourt that he would be unable to freely withdraw his plea.

Having addressed Mr. Monchecourt's specific allegations, we now consider generally whether he has shown there is a fair and just reason for allowing withdrawal of his guilty plea under our seven-factor analysis. *See Gordon*, 4 F.3d at 1572. Having seen his colleagues at Power Securities acquitted, Mr. Monchecourt now asserts his innocence, so the first factor weighs in his favor, notwithstanding his earlier inculpatory admissions. The second factor, prejudice to the government if he is allowed to withdraw his plea, weighs heavily against Mr. Monchecourt. The district court expressed concern as to whether the statute of limitations had run on much of Mr. Monchecourt's chargeable conduct. His alleged co-conspirators have been acquitted so the government can provide no incentive to secure their testimony against Mr. Monchecourt. Finally, the government would have to expend considerable resources to try Mr. Monchecourt in a trial the district court predicted would be long and complex. While some

degree of prejudice to the government is inevitable from a plea withdrawal, here it is significant. *See Carr*, 80 F.3d at 420.

The third factor, delay in filing the plea withdrawal motion, is a tossup. As the district court noted, the unique and protracted circumstances of the underlying case made considerable delay inevitable. However, Mr. Monchecourt did wait until two months after his colleagues at Power Securities were acquitted before filing his withdrawal motion, which could suggest manipulation. *See, e.g.,United States v. Vidakovich*, 911 F.2d 435, 439-40 (10th Cir. 1990), *cert. denied*, 498 U.S. 1089 (1991); *Carr*, 80 F.3d at 420. The fourth factor, inconvenience to the court, while not particularly compelling, weighs against Mr. Monchecourt. *See Carr*, 80 F.3d at 420-21.

The fifth factor, defendant's assistance of counsel, does not weigh in favor of Mr. Monchecourt. Mr. Monchecourt has never claimed ineffective assistance of counsel. To the contrary, he expressed satisfaction with his counsel during the Rule 11 hearing and retained them on appeal. We have already concluded the plea was voluntary and knowing, so the sixth factor cannot weigh in Mr. Monchecourt's favor. To the extent waste of judicial resources should be considered, similar to inconvenience to the court, it weighs against Mr.

Monchecourt. *See Carr*, 80 F.3d at 421. Taken together, the seven factors weigh against Mr. Monchecourt. He has failed to show the district court acted unjustly or unfairly in denying his motion to withdraw his guilty plea. Consequently, under the circumstances of this case, we find no abuse of discretion in the district court's denial of Mr. Monchecourt's motion to withdraw his guilty plea.

However, Mr. Monchecourt also alleges the district court erred by failing to recuse itself from ruling on his Rule 32(e) motion because Judge Babcock's impartiality was in question and he had a personal bias against Mr. Monchecourt. *See* 28 U.S.C. § 455 (discussing circumstances requiring disqualification of judges). Since Mr. Monchecourt did not move for recusal, we review under a plain error standard. *United States v. Kimball*, 73 F.3d 269, 273 (10th Cir. 1995). We use an objective test, asking "'whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)), *cert. denied*, 507 U.S. 1033 (1993).

In arguing for recusal, Mr. Monchecourt primarily relies on Judge Babcock's credibility assessment of Mr. Monchecourt's testimony in the *Marchese* bench trial, particularly focusing on the Judge's description of Mr. Monchecourt

as a "crass liar."  Each remark Mr. Monchecourt points to was made in the course of ongoing judicial proceedings and did not rely on any "extrajudicial source." *See Liteky v. United States*, 510 U.S. 540, 549-51 (1994) (explicating extrajudicial source doctrine).  Judicial opinions formed in the course of current or prior proceedings will not support a recusal motion "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 555.  While unflattering to Mr. Monchecourt, Judge Babcock's remarks describing him as a liar do not display the "deep-seated" antagonism that would render fair judgment impossible.  *Cf. United States v. Young*, 45 F.3d 1405, 1416 (10th Cir.), *cert. denied*, 515 U.S. 1169 (1995) (concluding judge's determination that a defendant had not been candid was "no basis for disqualification").

Finally, Mr. Monchecourt contends Judge Babcock's decision to disregard the government's sentencing recommendation evidences a clear inability to render fair judgment.  When he entered his guilty plea, Mr. Monchecourt was informed the sentence to be imposed from the cap downward was the court's decision alone.  The term of imprisonment imposed, twelve months, is within the cap and the $10,000 fine is well below the cap.  Again, we find no evidence of  disqualifying bias or prejudice.  Thus, we are unable to conclude a reasonable person would doubt the impartiality of the district judge.

We hold Mr. Monchecourt's guilty plea was voluntary and knowing and the district court's denial of his plea withdrawal motion was proper.  We find no evidence the district court should have recused itself from ruling on Mr. Monchecourt's motion.  Therefore, the decision of the district court is **AFFIRMED**, and we remand this case to the district court for such other proceedings as may be required.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge