**In re Edward Peter MAZUR and Diane Marie Mazur, Debtors.**

**Bankruptcy No. 97–32165–AJS.**

United States Bankruptcy Court, E.D. Michigan.

April 23, 1998.

Byron F. Latter, Flint, MI, for Debtors.

John J. Shinners, Saginaw, MI, for Cherniawski Trust.

Carl L. Bekofske, Flint, MI, Chapter 13 Trustee.

*SUPPLEMENTAL OPINION AND ORDER DENYING DEBTORS' MOTION FOR RECUSAL AND RECONSIDERATION*

JAMES D. GREGG, Bankruptcy Judge.

Debtors Edward Mazur and Dianne Mazur (hereinafter "Debtors") filed the present "Motion for Rehearing In Re Claim of

Debt/Cherniawski" seeking two forms of relief: (1) recusal of the undersigned judge, and (2) reconsideration of the court's decision sustaining the validity of the claim of their creditor, the Laura B. Cherniawski Irr. Trust (hereinafter "Trust").[1] For convenience, the court will refer to the motion as "Debtors' Motion."

As explained below, the motion arises out of the Debtors' dissatisfaction with various rulings that the court made during the liability phase of the trial of this matter which took place on March 18, 1998 in Flint, Michigan. After the Debtors filed the instant motion,[2] but prior to the commencement of the damage phase of the proceeding, the court reviewed the motion papers. On April 14, 1998, the court reconvened to conduct the damage phase but, given the nature of the relief requested in the Debtors' Motion, the court felt compelled to rule on the motion prior to taking testimony. Accordingly, from the bench, the court denied the Debtors' Motion and stated that it would issue a supplemental, written opinion giving additional reasons for its bench ruling. Those reasons are set forth below.

### 1. *Jurisdiction*

The court has jurisdiction to decide the motion pursuant to 28 U.S.C. §§ 1334(a), 157(b)(1), 153(d), and Local Rule 83.50 (E.D.Mich.).

### 2. *Background*

The court heard testimony, including the testimony of Mr. Mazur,[3] and ruled that the Trust holds a valid claim against the Debtors. At that time, the court had not yet determined the amount of the damages, if any, that the Debtors would be required to pay.

A hearing on the remaining issues took place on April 14, 1998 in Flint, Michigan.

### 3. *Recusal*

In the present motion, the Debtors seek recusal or disqualification of the undersigned judge based upon "extreme bias towards the debtors with regard to Dianne Mazur's chosen profession (President and Director of an animal rescue organization in the State of Michigan)." *See* Debtors' Motion at ¶ 4. More specifically, the Debtors allege, *inter alia,* that the court: interjected "personal commentary with regard to the housing of 62 animals," called Mr. Mazur "a liar," "allowed unsubstantiated statements to be admitted as fact," and conducted a "private conversation," "at the Bench," with the Trust's attorney. *See* Debtors' Motion at ¶¶ 4–6. For the reasons that follow as well as those given from the bench on April 14, the court denied the Debtors' Motion with prejudice, insofar as it seeks recusal.

"Bankruptcy judges are governed by 28 U.S.C. § 455 in recusal decisions." *In re MRL Residential Leasing, Inc.*, 121 F.3d 709 (6th Cir.1997) (citing Fed.R.Bankr.P. 5004(a)) (unpublished decision available on Westlaw at 1997 WL 453163).[4] Under that statute, a judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge must recuse himself "where he has a personal bias or prejudice concerning a party ...". *Id.* § 455(b)(1).[5]

With respect to such motions, the United States Supreme Court recently reiterated the well-settled precept that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v.*

---

1. Although the proof of claim at issue in this proceeding lists "John J. Shinners" as the creditor, the claim form also describes Mr. Shinners as "Attorney for Anthony Cherniawski." At the hearing, however, the evidence revealed that the creditor is in fact the Trust.

2. The court notes that the Debtors prepared and filed this motion themselves, although they are represented by counsel.

3. Ms. Mazur did not attend the March 18, 1998 hearing and her absence was not explained at

that time. Moreover, at the March 18 hearing, neither her husband nor her attorney requested an adjournment to permit her to testify.

4. *See In re Hess*, 209 B.R. 79, 82 n. 3 (6th Cir. BAP 1997) (court may rely on unpublished Sixth Circuit decisions if persuasive).

5. The statute contains other grounds for recusal not implicated in the Debtors' Motion. *See* 28 U.S.C. § 455(b)(2)–(5).

*United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). Moreover, as the Court observed,

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings ... do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of the trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.*

■ With respect to the Debtors' main allegation—that the court's "extreme bias" was evident in certain remarks concerning the 62 animals, the resulting odors, and the characterization of Mr. Mazur as a "liar"— these comments do not warrant recusal because they merely reflect opinions formed by the court after reviewing the evidence. *See Liteky,* 510 U.S. at 555, 114 S.Ct. at 1157. Although the language that the court used in describing Mr. Mazur was, perhaps regrettably, too severe, it would be an understatement to say that the court did not credit his testimony. Indeed, the court remains convinced that Mr. Mazur deliberately attempted to misrepresent the facts.

■ Credibility determinations, however strongly expressed, which are based upon testimony and other evidence introduced in court, do not warrant recusal. *See id.; see also United States v. Monchecourt,* No. 96–1510, 1998 WL 63075, *4 (10th Cir. Feb. 17, 1998) (trial court's remarks describing litigant as a "crass liar" did not display the "deep-seated" antagonism that would render fair judgment impossible); *LaFountain v. Kerckaert,* 95 F.3d 1152 (6th Cir.1996) ("magistrate judge's description of [litigant] as a manipulator and antagonist does not display an antagonism precluding fair judgment, but is an opinion properly acquired in the course of reviewing the numerous documents in this case") (unpublished decision available at 1996 WL 479131). Rather, such determinations, based upon knowledge and opinion acquired during the course of the proceedings, are "necessary to the completion of the judge's task." *Liteky,* 510 U.S. at 551, 114 S.Ct. at 1155. Therefore, the court's characterization of Mr. Mazur as a "liar" does not warrant recusal.

■ With respect to the Debtors' other grounds for recusal, namely their dissatisfaction with the court's rulings on evidentiary matters and its ultimate conclusions, *see* Debtors' Motion at ¶ 5 & 7, these grounds plainly do not warrant relief. *See Liteky,* 510 U.S. at 555, 114 S.Ct. at 1157 (court's rulings may be proper ground for appeal, but not recusal).

■ Finally, the Debtors' suspicions regarding the so-called "private conversation" that took place in open court on March 18, 1998 are unfounded. *See* Debtors' Motion at ¶ 6. As more fully addressed in the court's bench ruling regarding the motion, the court recalls speaking with the Trust's counsel from the bench on March 18, 1998 as the Debtors allege. However, the brief conversation merely concerned the scheduling of the hearing and the court's refusal to adjourn the hearing at the Trust's counsel's request, unless *both* counsel agreed. The conversation in no way touched upon the merits of the controversy. Moreover, the Debtors' attorney did not object to the conversation at that time, although he participated in a portion of it when he joined the conversation at the bench. Indeed, the fact that the conversation occurred "at the Bench," in the presence of the Debtors' attorney, *see id.,* fortifies the conclusion that nothing surreptitious or otherwise untoward took place. A conversation between the court and counsel that takes place in public does not give rise to circumstances under which "impartiality might *reasonably* be questioned." 28 U.S.C. § 455(a) (emphasis added).

For the foregoing reasons and those expressed from the bench on April 14, 1998, the court denied the Debtors' Motion for recusal.

### 4. *Rehearing*

The Debtors also move for rehearing, or reconsideration, of the court's determination that the Trust holds a valid claim against them.

As noted above, prior to the filing of the Debtors' Motion, the court determined only the validity of the claim, and not the amount. If the Trust failed to establish that it was damaged in any way, or otherwise failed to establish the amount of its damages, then the Debtors could not be heard to complain about the court's decision sustaining the validity of the Trust's claim. Under the circumstances, the Debtors Motion, filed before the determination of damages, is premature.

Moreover, even assuming that the motion is not premature, the fact that Ms. Mazur "remained at home ill," while her attorney represented her in court, does not justify reconsideration. *See* Debtors' Motion at ¶ 3. Neither her attorney nor her husband requested an adjournment to permit her to attend or testify. As she was allegedly under a doctor's care, she was evidently aware of her illness at the time of the hearing.

Finally, the Debtors did not avail themselves of the opportunity of conducting a deposition *de bene esse* and using Ms. Mazur's testimony from the deposition in lieu of testimony in open court, assuming she were unavailable. *See* Fed.R.Evid. 804; *cf.* Fed.R.Bankr.P. 7027. Accordingly, the court denies the Debtors' Motion without prejudice, insofar as the Debtors seek reconsideration of the determination of validity.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Debtors' Motion is denied with prejudice insofar as it seeks recusal; insofar as it seeks rehearing or reconsideration, the Debtors' Motion is denied without prejudice to their renewal of the motion on grounds other than those related to the March 18 hearing.